Joe Luis PEQUENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0397–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 24, 1986.

Barbara L. Burnett, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Winston E. Cochran, Jr., Jay Karahan, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before HOYT, DUNN and SAM BASS, JJ.

OPINION

SAM BASS, Justice.

Appellant was indicted for aggravated assault and entered a plea of guilty. The trial court assessed punishment at 10 years confinement and a fine of $700, probated for 10 years.

We affirm.

In February 1984, the State filed a motion to revoke probation, alleging three violations of the conditions of probation. An amended motion was filed, alleging six violations. One of those allegations stated:

Further the state would show that said defendant failed to refrain from contacting the complainant, Virginia Rodriguez by appearing at her place of employment, the Methodist Hospital, 6565 Fannin, Houston, Texas on February 6, 1984.

Additionally the defendant telephoned the complaining witness at this same location and corresponded with her by mail.

Appellant entered a plea of true to the foregoing allegation. The State then presented evidence to support the allegation that appellant contacted Ms. Rodriguez. The trial court found that appellant had violated that condition of probation, revoked his probation, and sentenced him to 10 years confinement.

Appellant's first ground of error contends that the trial court erred in revoking probation based upon a violation of an unreasonable probationary condition. The condition contested prohibited appellant from having any contact whatsoever with Rodriguez, whether in person, by telephone, or by writing. Appellant argues this condition is overbroad because it prohibits lawful conduct and fails to specifically apprise him of behavior that would result in revocation.

A trial judge is given a wide variety of terms and conditions that may be imposed when granting probation. Tex.Code Crim. P.Ann. art. 42.12, § 6 (Vernon Supp.1986). The court is not limited to these probationary conditions so long as the condition imposed is a reasonable one. *Hernandez v. State,* 556 S.W.2d 337, 342 (Tex.Crim.App. 1977); *Tamez v. State,* 534 S.W.2d 686, 691 (Tex.Crim.App.1976).

■ Reasonable conditions are those that contribute significantly both to the rehabilitation of the convicted person and to the protection of society. *Hernandez v. State,* 556 S.W.2d at 343; *Tamez v. State,* 534 S.W.2d at 692.

■ Only by prohibiting communication between the parties could the essential objectives of appellant's probation be achieved. This condition was not unreasonable in light of the circumstances and the offense for which appellant was convicted.

Moreover, appellant indicated at trial that he fully understood the condition:

The Court: What have I told you about this injunction? I want you to tell me back in your own words.

.        .        .        .        .

The Court: Well specifically with respect to Miss Rodriguez?

The Defendant: Miss Rodriguez. Must never call, write, communicate, see Miss Rodriguez; her friends, relatives, friends, business associates or like.

The Court: I think you've got it.

The Defendant: I've got it.

Additionally, at the revocation hearing, appellant consistently indicated that he was aware that his conduct towards Rodriguez violated the probationary condition.

We hold that the probationary condition was reasonable and unambigious.

Appellant's first ground of error is overruled.

Appellant's second ground of error alleges that a travel restriction in the probation order is an unconstitutional restraint on his right to travel.

The revocation of probation was based solely on the finding that appellant had contacted the complainant. The court specifically withheld any ruling on the alleged violation of the travel restriction complained of, rendering determination of this issue unnecessary.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error claims that the State failed to prove *all* elements of the alleged violation by a preponderance of the evidence, namely, by failing to prove that Methodist Hospital was located in Houston, Texas, as alleged in the amended motion for revocation.

Testimony did establish that the offense occurred at a specified street address in Harris County, Texas, but no witnesses specifically testified that it occurred in the City of Houston.

The State is required to prove every element of the offense in a probation revocation by a preponderance of the evidence. *Williams v. State*, 591 S.W.2d 873, 875 (Tex.Crim.App.1979); *Grant v. State*, 566 S.W.2d 954, 956 (Tex.Crim.App.1978). The pertinent condition of probation imposed upon appellant was that he refrain from any contact with the complainant; this constituted the only burden upon the State at the revocation hearing with regard to this issue. *Davila v. State*, 547 S.W.2d 606, 609 (Tex.Crim.App.1977); *Regalado v. State*, 494 S.W.2d 185 (Tex.Crim.App.1973).

In any event, appellant pled true to the allegation that he had appeared at the Methodist Hospital in Houston, Texas, and had contacted Rodriguez on that date. Appellant's plea of true, standing alone, is sufficient to support the revocation of probation. *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App.1979). The State met its burden of proof.

Appellant's third ground of error is overruled.

Appellant's fourth ground of error contends that the assessment of the maximum punishment following revocation constituted cruel and unusual punishment.

Aggravated assault is a felony of the third degree. Tex.Penal Code Ann. § 22.-02(c) (Vernon Supp.1986). The punishment assessed by the court is within the statutory limits of punishment available for third degree felonies. Tex.Penal Code Ann. § 12.34 (Vernon 1974).

Where the punishment assessed by the judge or jury is within the limits prescribed by the statute, that punishment is not cruel and unusual within the constitutional prohibition. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex.Crim.App.1972); *Combs v. State*, 652 S.W.2d 804, 806 (Tex.App.—Houston [1st Dist.] 1983, no pet.).

Appellant's fourth ground of error is overruled.

The judgment is affirmed.