Lawrence Edward SPETH, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–00946–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 5, 1998.

George M. Secrest, Jr., Houston, for appellant.

Carol Cameron, Houston, for appellee.

Before HUDSON, FOWLER and DRAUGHN,* JJ.

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

This is an appeal from conditions of probation imposed by the trial court. Appellant, Lawrence Edward Speth ("Speth"), was adjudicated guilty of the offense of aggravated assault of a peace officer, see TEX.PENAL CODE ANN. § 22.02(b)(2) (Vernon 1994), and received a sentence of ten years probation, 180 days incarceration in the Harris County Jail, and a fine of $1,000. In five points of error, Speth challenges conditions imposed upon him as part of his probation. We affirm the trial court's imposition of one of the challenged conditions and reform the probationary order to delete the rest.

## I.  Background

Speth originally received five years deferred adjudication for his aggravated assault of a peace officer. Among the conditions imposed on Speth as part of the deferred adjudication was a requirement he not commit any further criminal offense. While still on deferred adjudication, Speth was indicted for the offense of indecency with a child. *See* TEX.PENAL CODE ANN. § 21.11 (Vernon 1994). In addition to the indictment, the State filed a motion to adjudicate guilt on the aggravated assault offense.[1] Although a jury found

---

* The Honorable Joe L. Draughn sitting by assignment.

1. Speth was also indicted on two charges of public lewdness involving two additional com-

Speth not guilty of indecency with a child, the trial court found the State's allegations that Speth had committed such offense to be true, held the offense to be a violation of his deferred adjudication, and, therefore, proceeded to adjudicate Speth guilty of the aggravated assault of a peace officer offense.

In granting probation on the aggravated assault conviction, the trial court imposed numerous conditions on Speth, including the following: (1) he register as a sex offender; (2) he pay for any counseling needed by the complainants involved in the indecency with a child charges; (3) he not be allowed to work as a chiropractor for the duration of his probation; (4) he participate in sex offender counseling and take a polygraph; and (5) he not have any contact with any minor girls for the duration of his probation. Speth challenges each of these conditions independently in his five points of error.

■ The State contests, as a preliminary matter, our authority to review Speth's points of error because he failed to object to the conditions in the trial court. *See* TEX. R.APP.P. 33. We have recognized, however, that an "appellant is not barred from raising a defect in his sentence for the first time on appeal," see *Martinez v. State,* 874 S.W.2d 267, 267 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd), and we proceed to analyze the validity of the conditions of probation imposed by the trial court.

■ We review a trial court's imposition of probationary conditions under an abuse of discretion standard. *See LeBlanc v. State,* 908 S.W.2d 573, 574 (Tex.App.—Fort Worth 1995, no pet.). Section 11 of Article 42.12 of the Texas Code of Criminal Procedure permits a trial judge to "impose any reasonable condition ... designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX.CODE CRIM.PROC.ANN. art. 42.12,

§ 11(a) (Vernon Supp.1998) (emphasis added); *see also Tamez v. State,* 534 S.W.2d 686, 691 (Tex.Crim.App.1976) (noting a condition should have a "reasonable relationship to the treatment of the accused and the protection of the public"). Nevertheless, a trial court cannot impose conditions as punishment for criminal charges on which the defendant was acquitted. *See Gordon v. State,* 707 S.W.2d 626, 629–30 (Tex.Crim.App.1986).

■ "When a trial court imposes an invalid condition of probation, the proper remedy is to reform the judgment by deleting the invalid condition." *Martinez v. State,* 874 S.W.2d at 268, (citing *Ex parte Pena,* 739 S.W.2d 50 (Tex.Crim.App.1987)).

## II. Discussion

■ In his first point of error, Speth argues the condition requiring him to register as a sex offender is invalid. Speth claims he is not required to register as a sex offender, under article 42.12, section 11(e), article 62.01, and article 62.02 of the Texas Code of Criminal Procedure,[2] for the offense of aggravated assault of a peace officer, and, therefore, the condition is unreasonably imposed.

We agree. First, we note there is no reasonable connection between a conviction for aggravated assault of a peace officer and the necessity for registration as a sex offender. *See* TEX.CODE CRIM.PROC.ANN. art. 62.01(5) (Vernon Supp.1998). Second, we can only surmise that the condition Speth register as a sex offender was imposed as a means of punishment for the indecency with a child charge. Because Speth had been acquitted of that charge, however, the condition was an invalid attempt to circumvent the jury's verdict. *See Gordon v. State,* 707 S.W.2d at 629–30.

plaintants. The charges arose from the same occasion giving rise to the indecency with a child charge and they were also listed in the State's motion to adjudicate guilt as grounds for granting the motion. The charges were dismissed, however, approximately two months before Speth's trial on the indecency with a child charge. The trial court subsequently decided to carry the motion to adjudicate guilt along with

Speth's trial on the indecency with a child charge.

2. Articles 62.01 and 62.02 are part of a recent redesignation of article 6252–13c.1 of the Texas Revised Civil Statutes. *See* Act of June 13, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2253–2255.

We sustain Speth's first point of error, and order the condition that Speth register as a sex offender be deleted from the list of his probationary conditions.

■ In his second point of error, Speth contends the condition that he pay for any counseling needed by the complaining witnesses is unauthorized by law, unreasonable, and is unenforceable due to overbroadness.

Article 42.12, section 11(b) of the Texas Code of Criminal Procedure specifically limits the trial judge's authority to order monetary payments,

[a] judge may not order a defendant to make any payments as a term or condition of community supervision, except for fines, court costs, restitution to the victim, and other conditions related personally to the rehabilitation of the defendant or otherwise expressly authorized by law. The court shall consider the ability of the defendant to make payments in ordering the defendant to make payments under this article.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(b). Section 14(b) of the same article sets out further conditions for monetary payments to be made by probationers convicted of "Child Abuse, Sex Offenders, and Family Violence Offenders,"

If the court grants probation to a person convicted of an offense under Section 21.11 [Indecency with a Child], 22.011 [Sexual Assault], 22.021 [Aggravated Sexual Assault], or 22.04 [Injury to a Child, Elderly Individual, or Disabled Individual], Penal Code, the court ... may require the probationer to pay all or a part of the reasonable and necessary costs incurred by the victim for psychological counseling made necessary by the offense, upon a finding that the probationer is financially able to make payment. Any payments ordered under this subsection may not extend past one year from the date of the order.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 14(b). We hold that the trial court's imposition of the condition requiring Speth to pay for "any counseling or therapy" needed by the complaining witnesses in the indecency with a child action is unreasonable under both of the aforementioned provisions. In imposing the condition, the trial court failed to meet the requisites of both sections 11(b) and 14(b) of the Texas Code of Criminal Procedure because it did not consider and make a finding as to Speth's ability to pay for the counseling. The condition was also not limited to one year as required by section 14(b).

Moreover, the condition was clearly imposed by the trial court as punishment for the indecency with a child offense, a charge from which Speth had been acquitted. The trial court is not permitted to circumvent the jury's verdict in such a manner. *See Gordon v. State*, 707 S.W.2d at 629–30.

We sustain Speth's second point of error and reform the probationary order to delete the requirement that he pay for any and all counseling required by the complaining witnesses from his conditions of probations.

■ In his third point of error, Speth contends the condition requiring him to participate in sex offender counseling and take a polygraph exam as part of that counseling is unreasonable.

■ Speth admits he stated during the punishment hearing that he would be willing to attend psychological counseling, but asserts "[t]he choice to reject probation and go to prison or accept the probationary choice was really no choice at all." *See Tamez v. State*, 534 S.W.2d at 692. Instead of being confronted by the trial court with the Hobson's choice of probation over prison, however, Speth himself originated the idea of sex offender counseling as a means of gaining probation. Under the doctrine of invited error, we hold Speth "cannot invite error and then complain thereof." *See Capistran v. State*, 759 S.W.2d 121, 124–25 (Tex.Crim.App. 1982), (quoting *Holmes v. State*, 140 Tex. Crim. 619, 146 S.W.2d 400 (1941)).

The trial court's requirement that Speth take and pay for a polygraph examination is unreasonable, however. Speth did not first raise the issue of a polygraph as an appropriate condition of probation, and the trial court imposed the condition as punishment for the indecency with a child charge. The requirement is, thus, invalid as punishment for a

charge to which Speth was acquitted. *See Gordon v. State*, 707 S.W.2d at 629–30.

■ In his fourth point of error, Speth contends the condition forbidding him from working as a chiropractor is unreasonable.

The condition restricting Speth from pursuing his chosen profession is clearly unreasonable in the sense that it has no relationship to his crime of aggravated assault of a peace officer and it prohibits him from conduct which is not criminal in itself. *See LeBlanc v. State*, 908 S.W.2d at 574–75. The State argues, however, the condition is reasonably related to the protection of the public and addresses the potential future criminality of Speth.[3] *See Lacy v. State*, 875 S.W.2d 3, 5 (Tex.App.—Tyler 1994, pet. ref'd). The State asserts Speth's repeated improper touching of persons requires a condition preventing his performance of the duties of a chiropractor because those duties necessarily require the touching of patients.

We disagree. We do not believe Speth's aggravated assault of a peace officer shows a proclivity for improper touching of individuals such that the trial court can completely bar him from practicing his chosen career. The trial court's blanket restraint on Speth's practice as a chiropractor is, thus, unreasonable in relation to his crime. Moreover, we do not believe the charge of indecency with a child can be used to show Speth's repeated improper touching of persons because he was specifically *acquitted* of the charge. *See Gordon v. State*, 707 S.W.2d at 629–30; *Cf. Horner v. Reed*, 756 S.W.2d 34, 36–37 (Tex. App.—San Antonio 1988, orig. proceeding) (holding unreasonable a condition requiring relator to resign his elected office where there had been no finding of guilt).

■ In his fifth point of error, Speth contends the condition that he have no contact with any minor girls for the duration of his probation is not authorized, as well as overbroad, ambiguous and unenforceable.

We agree. Again, we note the condition has no relation whatsoever to Speth's conviction for an aggravated assault of a peace officer, and the condition thus represents an impermissible requirement, which, if permitted, would effectively circumvent the jury's not-guilty verdict in the indecency with a child action. *See Gordon v. State*, 707 S.W.2d at 629–30.

■ Furthermore, even if the condition could be said to be related to an offense for which Speth had been convicted, the condition would remain unreasonable due to its indefiniteness. "The conditions of probation should be clear, explicit, and unambiguous, so that the probationer understands what is expected of him." *Johnson v. State*, 672 S.W.2d 621, 623 (Tex.App.—Corpus Christi 1984, no pet.). "Contact" is defined to mean several things: the physical union of surfaces; a simple association, whether verbal or not, with another person; or the establishment of communication with another. *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 282 (private library ed.1991). Based on the varying definitions of contact, Speth, in the extreme, could be prohibited from walking down the street in Houston and saying "hello" to any female[4] or simply from establishing physical contact, handshake or otherwise, with a minor female. We hold the condition is unreasonable because it fails to give Speth notice of what is expected of him. *Compare Pequeno v. State*, 710 S.W.2d 709,

---

3. The State also argues the condition is moot because Speth admitted during the punishment hearing that the conviction for aggravated assault of a peace officer precludes him from becoming a licensed chiropractor. While the assertion Speth is already disqualified from practicing as a chiropractor may or may not be true, this fact does not address whether the trial court may impose, upon a basis of reasonableness, a probationary condition prohibiting him from practicing in his chosen career. Therefore, we find the State's argument unpersuasive as to the issue before us.

4. This hypothetical points out another complication of the trial court's condition—the probationary imposition of apparent strict liability on Speth for "contact" with a minor female, notwithstanding the fact that Speth may have no knowledge as to her age. While the law may recognize such liability in the event of an egregious type of contact, see, *e.g.*, TEX.PENAL CODE ANN. § 22.011(a)(2) (Vernon Supp.1998) (sexual assault), we believe the lack of a required element of knowledge, in conjunction with the indefiniteness in the term "contact," could result in an undue restriction on Speth's daily life. *See Tamez v. State*, 534 S.W.2d at 692.

710 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) (holding a condition prohibiting probationer from having any contact whatsoever with complainant, "whether in person, by telephone, or by writing," was reasonable).

We sustain Speth's fifth point of error, and reform the probationary order to delete the condition prohibiting him from having contact with any minor girls from the list of probationary conditions imposed by the trial court.

The judgment of the trial court is reformed to delete all of the challenged conditions of probation, except the condition that Speth attend psychological counseling. Speth's conviction remains valid, and his probation continues subject to the remaining valid conditions and any other valid conditions the trial court, in its continuing jurisdiction, deems necessary to impose. *See* TEX. CODE CRIM.PROC.ANN. art. 42.12, § 11(a) (Vernon Supp.1998); *Coleman v. State,* 640 S.W.2d 889, 892 (Tex.Crim.App.1982).