COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO.  2-03-029-CR
 
DAVID OWEN BELT                                                               APPELLANT 
 
V.
 THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 158TH DISTRICT COURT OF DENTON COUNTY 
 
------------
 
OPINION
 
------------
        Appellant David Belt was indicted for the first-degree felony offense of 
aggravated sexual assault of a child under fourteen. Prior to entering into a plea 
agreement, Appellant filed written objections to the imposition of certain 
conditions of community supervision. After conducting a hearing on January 
17, 2003, the trial court overruled Appellant’s objections. Thereafter, pursuant 
to a plea bargain, Appellant pleaded guilty, and he was placed on deferred 
adjudication community supervision for ten years and assessed a $1,000 fine. 
I. Factual Background
        The pre-sentence investigation report (“PSI”) conveyed details from the 
investigation of the sexual assault of thirteen-year-old C.S., who at the time of 
the assault, was visiting Appellant’s stepdaughter at Appellant’s residence. 
According to the PSI, the two girls had been drinking alcohol and smoking 
marijuana outside by Appellant’s swimming pool. Appellant claimed that he 
went to bed and later woke up with C.S. on top of him and that “that’s were 
[sic] there was intercourse.” C.S., however, reported that she became ill, and 
Appellant carried her to his bedroom, where he inserted his penis into her 
vagina. Appellant drove her home and instructed C.S. not to tell anyone. The 
PSI also indicated that Appellant was facing another charge for indecency with 
a child for allegedly touching his sixteen-year-old daughter “inside her pants 
near her vaginal area.” Additionally, the PSI revealed that CPS had been 
involved with Appellant before and had warned him and his wife against 
“skinny dipping with the children.” 
II. The Challenged Conditions
        Appellant appeals from the denial of his written pretrial motion, in which 
he raised objections to some of the conditions of his community supervision. 
See Tex. R. App. P. 25.2(a)(2)(A). In seven issues, he challenges the following 
conditions of his community supervision: 
(ff) Do not possess any printed, photographed, or recorded
sexually stimulating or sexually oriented material as deemed
inappropriate by the supervision office and your counselor or
treatment provider, nor go on the premises of or patronize any
place where such material or entertainment is available;
. . . .
 
(ii) Do not reside, go in, go on, or go within a distance of 1000 
feet of a premises where children commonly gather, including a 
school, day-care facility, playground, public or private youth center, 
public swimming pool, or video arcade facility, unless all living 
arrangements or other exceptions have been reported to and 
approved by the supervision officer; 
 
(jj) Do not reside in a household with children under eighteen (18) 
years of age unless approved in advance by the supervision 
officer[; and] 
 
(kk) Have no contact with children under eighteen (18) years of 
age, including members of your own household, unless a 
designated chaperone is present and supervising the contact. A 
”designated chaperone” is a person who has completed a required 
education program and who is approved by the supervision officer 
with the agreement of your counselor or treatment provider. 

III. Standard of Review
        We review a trial court’s imposition of community supervision conditions 
under an abuse of discretion standard. See McArthur v. State, 1 S.W.3d 323, 
331 (Tex. App.—Fort Worth 1999, no pet.), cert. denied, 531 U.S. 873 
(2000). Article 42.12, section 11 of the code of criminal procedure permits a 
trial judge to “impose any reasonable condition . . . designed to protect or 
restore the community, protect or restore the victim, or punish, rehabilitate, or 
reform the defendant.” Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) 
(Vernon Supp. 2004); see also Tamez v. State, 534 S.W.2d 686, 691 (Tex. 
Crim. App. 1976) (noting a condition should “have a reasonable relationship to 
the treatment of the accused and the protection of the public”). In addition, 
because Appellant was convicted of aggravated sexual assault of a child, 
sections 13B and 14 also apply. See Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 13B (community supervision for sexual offenses against children), § 14 
(community supervision for child abusers and sex offenders). 
        While the trial court has wide discretion in selecting conditions of 
community supervision, the conditions must be reasonably related to the 
treatment of the accused and the protection of the general public. Fielder v. 
State, 811 S.W.2d 131, 134 (Tex. Crim. App. 1991). To be found invalid, a 
condition of community supervision must: (1) have no relationship to the crime; 
(2) relate to conduct that is not in itself criminal; and (3) forbid or require 
conduct that is not reasonably related to the future criminality of the defendant 
or does not serve the statutory ends of probation. Marcum v. State, 983 
S.W.2d 762, 768 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d); Lacy v. 
State, 875 S.W.2d 3, 5 (Tex. App.—Tyler 1994, pet. ref’d); Simpson v. State, 
772 S.W.2d 276, 280-81 (Tex. App.—Amarillo 1989, no pet.). If the trial 
court imposes an invalid condition of probation, the proper remedy is to reform 
the judgment by deleting the invalid condition. Martinez v. State, 874 S.W.2d 
267, 268 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (citing Ex parte 
Pena, 739 S.W.2d 50, 51 (Tex. Crim. App. 1987)). 
IV. Discussion
        A.     Conditions (ff), (ii), (jj), and (kk): Delegation of Judicial Authority 
        In his first and fifth issues, Appellant argues that the trial court abused 
its discretion by imposing conditions (ff), (ii), (jj), and (kk) because those 
conditions impermissibly delegate judicial authority to the community 
supervision officer. We have previously determined that condition (ff), as 
worded above, does not constitute an impermissible delegation of judicial 
authority. McArthur, 1 S.W.3d at 334-35. In McArthur, we likewise held that 
the trial court did not abuse its discretion by imposing condition (ii), which is 
identical to the one at issue in McArthur, or by imposing conditions (jj) and (kk), 
which are substantially similar to those in McArthur. 


 Id. at 331, 333. 
Appellant provides no rationale as to why we should reconsider our previous 
decision. Accordingly, we overrule Appellant’s first and fifth issues. 
        B.     Condition (ff): Vagueness 
        In his second issue, Appellant complains that the trial court abused its 
discretion by imposing condition (ff) because it is unconstitutionally vague. 
Specifically, Appellant maintains that condition (ff) unconstitutionally conveys 
unfettered discretion to the community supervision office and fails to provide 
Appellant with adequate notice of what material may be deemed 
“inappropriate,” “sexually stimulating,” or “sexually oriented” to his community 
supervision officer. In McArthur, the appellant challenged the identical 
condition (ff) as Appellant does in the case before us. Id. at 331. McArthur 
argued that “because the supervision officer has some discretion in 
implementing the terms of [appellant’s] supervision, [condition (ff) is] vague or 
indefinite.” Id. at 335. We stated that 
a defendant can only be penalized after he has received fair notice
of the conditions of community supervision. Thus, for example,
appellant could not be penalized for possession of sexually explicit
material if he is not fairly informed of what constitutes sexually
explicit material. The supervision officer’s discretion in
implementing the details of appellant’s supervision does not in and
of itself make the complained-of conditions vague.

Id. In accordance with McArthur, we overrule Appellant’s second issue. See
id.
 
        C.     Conditions (ii), (jj), and (kk): Due Process 
        In his third issue, Appellant contends that the trial court abused its 
discretion and violated his due process rights by imposing conditions (ii), (jj), 
and (kk) without a factual basis in the record to support the imposition of those 
conditions. At the plea hearing, Appellant objected to conditions (ii), (jj), and 
(kk) on the grounds that they were unauthorized by statute, unreasonable, 
overbroad, and unconstitutionally vague. Appellant did not raise a due process 
challenge in the court below as to any of the three conditions he is now 
challenging, but he claims that the due process issue was implicit in his 
overbreadth challenges to the complained-of conditions. We disagree. 
        To preserve a complaint for our review, a party must have presented to 
the trial court a timely request, objection, or motion that states the specific 
grounds for the desired ruling if those grounds are not apparent from the 
context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley 
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999). Here, Appellant failed to object specifically to 
conditions (ii), (jj), and (kk) on due process grounds. Accordingly, Appellant has 
not preserved for our review his complaint that the imposition of conditions (ii), 
(jj), and (kk) violated his due process rights. See Tex. R. App. P. 33.1(a)(1); see 
also Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding 
even constitutional errors may be waived); In re L.M.I., 119 S.W.3d 707, 711 
(Tex. 2003) (holding, in a parental termination case, that father’s due process 
argument was waived by his failure to raise that point in the trial court); 
McCarroll v. Tex. Dep’t of Pub. Safety, 86 S.W.3d 376, 379 (Tex. App.—Fort 
Worth 2002, no pet.) (holding appellant waived complaint concerning violation 
of due process rights). 
        Appellant attempts to recast the issue in his reply brief as a challenge to 
the legal sufficiency of the evidence in support of the imposition of conditions 
(ii), (jj), and (kk). Appellant, however, failed to make this argument in his brief 
on the merits. The trial court’s certification of Appellant’s right of appeal 
states, “[This] is a plea-bargain case, but matters were raised by written motion 
filed and ruled on before trial and not withdrawn or waived, and the defendant 
had the right of appeal.” The trial court did not give Appellant permission to 
appeal any issues. Current Texas Rule of Appellate Procedure 25.2(a)(2), 
applicable to Appellant’s appeal filed after January 1, 2003 provides: 
In a plea bargain case—that is, a case in which defendant’s plea is
guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the
defendant—a defendant may appeal only: (A) those matters that
were raised by written motion filed and ruled on before trial, or (B)
after getting the trial court’s permission to appeal.

Tex. R. App. P. 25.2(a)(2) (emphasis added). Thus, even if Appellant properly
briefed his legal sufficiency challenge, the record reveals that we have no
jurisdiction to consider this issue. See id. 25.2(a)(2)(B). We overrule
Appellant’s third issue.
D.Conditions (ii), (jj), and (kk): Statutory Authority,
Reasonableness, and Breadth

        In his fourth issue, Appellant complains that the trial court abused its 
discretion by imposing conditions (ii), (jj), and (kk) because these conditions are 
unauthorized by statute, legally unreasonable, and overbroad. As we stated in 
McArthur, conditions (ii), (jj), and (kk) are authorized by statute because “article 
42.12, section 13B provides for terms . . . (ii), (jj), and (kk)” and requires a 
court “to establish a ‘child safety zone’ mandating that the probationer may not 
enter the zone.” 1 S.W.3d at 333; Tex. Code Crim. Proc. Ann. art. 42.12, § 
13B(a)(1). Because Appellant’s challenges concerning the reasonableness and 
breadth of conditions (ii), (jj), and (kk) are interrelated, we address them jointly 
with respect to each condition. 
        Appellant argues that condition (ii) is invalid under the three-part test 
enunciated in McArthur: 
To be invalid, a condition of community supervision must (1) have
no relationship to the crime; (2) relate to conduct that is not in
itself criminal; and (3) forbid or require conduct that is not
reasonably related to the future criminality of the defendant or does
not serve the statutory ends of probation. 

1 S.W.3d at 332 (citation omitted). Appellant contends that the 1000-foot
child safety zone imposed in this case is unsupported by any evidentiary
justification and is broader than necessary to protect the public. In large part,
Appellant is complaining about condition (ii) because he has been living in a
home that is within 1000 feet of a high school. In his brief, Appellant states
that because of the breadth of condition (ii), he will have to vacate and sell his
family residence, and he will be unable to obtain a residence within any
incorporated area of Denton County or the State of Texas. 
        We agree with the State that, while condition (ii) prohibits Appellant from 
residing in the home at issue, nothing in condition (ii) requires him to sell the 
home, which Appellant admitted was in his wife’s name. We also agree with 
the State that Appellant’s contention that it will be impossible to obtain housing 
in compliance with condition (ii) is speculative and unsupported by the record. 
We believe that condition (ii) has a reasonable relationship to Appellant and the 
protection of the public. See Tamez, 534 S.W.2d at 691. Appellant has cited 
numerous cases in his brief in which a court has crafted the child safety zone 
under 1000 feet, but we agree with the State that 1000 feet is not unique. 
See Luera v. State, 71 S.W.3d 408, 411 (Tex. App.—Waco 2001, pet. ref’d) 
(discussing 1000-foot child safety zone); McArthur, 1 S.W.3d at 331 
(discussing 1000-foot child safety zone); see also Margoitta v. State, 994 
S.W.2d 336, 340 (Tex. App.—Waco 1999, no pet.) (discussing 900 and 500 
foot distances). We therefore hold the trial court did not abuse its discretion 
in imposing such a condition in this case. 
        In Appellant’s reasonableness and overbreadth challenges to conditions 
(jj) and (kk), Appellant complains that these conditions interfere with his 
fundamental right to establish a home in which to bring up his children. See 
Meyers v. Nebraska, 262 U.S. 390, 399, 43 S. Ct. 625, 626 (1923). In 
essence, Appellant is again raising a due process argument, an issue which we 
have already held that Appellant waived by failing to raise it in the trial court. 
See Tex. R. App. P. 33.1(a)(1). 
        To the extent that Appellant has not waived his reasonableness and 
overbreadth complaints to conditions (jj) and (kk), we reiterate from McArthur 
that “[p]robationers simply do not enjoy the absolute liberty to which every 
citizen is entitled, but only conditional liberty properly dependent on observance 
of special supervisory restrictions.” 1 S.W.3d at 332 (citations omitted). Here, 
Appellant admitted that he sexually assaulted a thirteen-year-old girl. The PSI 
also indicated that he was living with two stepdaughters, ages fourteen and 
five years old and that he had displayed inappropriate behavior with his own 
daughter. Under these circumstances, the trial court acted within his discretion 
by imposing conditions (jj) and (kk). See Fielder, 811 S.W.2d at 134; Alakayi 
v. State, 102 S.W.3d 426, 436 (Tex. App.—Houston [14th Dist.] 2003, no pet.) 
(upholding community supervision conditions that restricted the defendant’s 
access to his own child). Accordingly, we overrule Appellant’s fourth issue. 
 
        E.     Condition (ii): Measurement of Child Safety Zone 
        In his sixth issue, Appellant argues that the trial court abused its 
discretion by imposing condition (ii) because it is unconstitutionally vague due 
to its failure to state how the child safety zone is to be measured. 


 Appellant’s 
sole authority in support of his sixth issue is the Corpus Christi Court of 
Appeals’s decision in Rickels v. State; however, during the pendency of this 
appeal, the court of criminal appeals reversed the Rickels decision upon which 
Appellant relies. 69 S.W.3d 775 (Tex. App.—Corpus Christi 2002), rev’d, 108 
S.W.3d 900, 903 (Tex. Crim. App. 2003). 
        In Rickels, the court of criminal appeals addressed whether the following 
condition was too vague to be enforced: ”[Do] not go within three hundred 
(300) feet of any premises where children 17 years or younger congregate or 
gather.” 108 S.W.3d at 901. Appellant Rickels argued that the condition was 
vague because “it failed to specify how the child safety zone was to be 
measured.” Id. The court disagreed, stating that the condition “prohibits 
Rickels himself from going within 300 feet of a child safety zone.” Id at 902. 
The Rickels decision further states, “The only measurement that is at issue is 
from Rickels’s body to premises where children congregate,” and after defining 
the term “premises,” the court held that “[t]here is nothing vague about a 
measurement from Rickels’s body to the boundary line of the school.” Id. at 
902-03.
        Here, Appellant argues that while Rickels alleviates some of his concerns 
about the constitutionality of condition (ii), the condition is still vague because 
“it does not provide [him] with adequate notice of how the distance from the 
location where he ‘resides’ will be measured.” Appellant complains that the 
measuring point from a location where he resides, unlike a measurement from 
his body, is not readily ascertainable from a plain reading of the term “reside.” 
Appellant questions whether the outer limit of a location where he resides 
extends to the property line of the premises on which he resides or whether it 
would extend from the outer surfaces of a building in which Appellant resides. 
        We believe that Rickels addresses Appellant’s concern. Rickels defines 
“premises” as “‘[a] house or building, along with its grounds.’” 108 S.W.3d at 
902 (citation omitted). Thus, the boundary line of the location where Appellant 
resides is the proper boundary from which to measure. Id. Because there is 
nothing vague about the measurement from the boundary line of the location 
at which Appellant will reside to the boundary line of the child safety zone, we 
overrule Appellant’s sixth issue. See id. at 902-03. 
        F.     Condition (kk): “Contact” 
        In his seventh issue, Appellant asserts that the trial court abused its 
discretion by imposing condition (kk) because the condition is unconstitutionally 
vague due to its failure to provide notice of what is meant by the term 
“contact.” In McArthur, we overruled appellant’s contention that because the 
supervision officer has some discretion in implementing condition (kk), the 
condition was vague, indefinite, or ambiguous. 1 S.W.3d at 335. In this case, 
Appellant’s argument is based on a decision from the Fourteenth District Court 
of Appeals, which concluded that a condition requiring that the defendant “have 
no contact with any minor girls for the duration of his probation” was 
unreasonable because it failed to give appellant notice of what was expected 
of him. Speth v. State, 965 S.W.2d 13, 17 (Tex. App.—Houston [14th Dist.] 
1998), rev’d on other grounds, 6 S.W.3d 530 (Tex. Crim. App. 1999), cert. 
denied, 529 U.S. 1088 (2000). 
        We decline to follow the Fourteenth District Court of Appeals’s Speth 
decision concerning its interpretation of the word “contact.” See id. The First 
District Court of Appeals addressed a challenge to the validity of the following 
condition: “You are to have no unsupervised contact with any minor under the 
age of seventeen (17) beginning 11-8-96 for any reason except as specifically 
permitted by the Court.” Brisco v. State, No. 01-00-00762-CR, 2002 WL 
595075, at *1 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (op. on reh’g) 
(not designated for publication). Brisco argued that the condition was vague 
and ambiguous because of the terms “‘unsupervised’ and ‘contact’ individually, 
and the collective term ‘unsupervised contact.’” Id. at *4. The Brisco court 
held that “the ‘no unsupervised contact’ provision is clear and unambiguous.” 
Id. The court reasoned that because of the nature of Appellant’s 
crime–indecency with a child–“it was obviously the trial court’s intention to 
prohibit appellant from having any contact whatsoever, not just sexual contact, 
with a person under the age of [seventeen] unless someone else was present.” 
Id. at *1, 4; see also Pequeno v. State, 710 S.W.2d 709, 710 (Tex. 
App.—Houston [1st Dist.] 1986, pet. ref’d) (upholding condition that “prohibited 
appellant from having any contact whatsoever with [the complainant], whether 
in person, by telephone, or by writing”). 
        In its brief, the State also refers us to federal precedent upholding 
conditions that prohibit “contact.” See United States v. Paul, 274 F.3d 155, 
165-66 (5th Cir. 2001) (holding that condition requiring appellant to “avoid 
‘direct and indirect contact with minors’” was not “unduly broad”), cert. denied, 
535 U.S. 1002 (2002); United States v. Loy, 237 F.3d 251, 267-69 (3d Cir. 
2001) (upholding condition that prohibited the defendant from all “unsupervised
contact with minors”); United States v. Bee, 162 F.3d 1232, 1235-36 (9th Cir.
1998) (upholding condition that appellant “not have contact with children under
the age of 18 unless approved by [his] probation officer”), cert. denied, 526
U.S. 1093 (1999). We find these federal decisions to be instructive, and we
agree with and follow the reasoning in Brisco. 
        Here, Appellant pleaded guilty to aggravated sexual assault of a child 
under fourteen. Because of the nature of this offense and the necessity of 
establishing a child safety zone, it is apparent that the trial court intended to 
prohibit Appellant from having any contact whatsoever, not just sexual contact, 
with a person under the age of eighteen unless a designated chaperone was 
present and supervising the contact. See Brsico, 2002 WL 59075, at *4. 
Condition (kk) is directly related to the offense for which Appellant was 
convicted, and it relates to the future criminality of Appellant. See Marcum, 
983 S.W.2d at 768. Further, “the condition ha[s] a reasonable relationship to 
the treatment of [A]ppellant and the protection of the public.” Id. Accordingly, 
we overrule Appellant’s seventh issue. 
V. Conclusion
        Having overruled all seven of Appellant’s issues, we affirm the trial 
court’s judgment. 

                                                          ANNE GARDNER 
                                                          JUSTICE

PANEL A: CAYCE, C.J.; GARDNER, J. and SAM J. DAY, J. (Retired, Sitting by
Assignment)
 
PUBLISH
 
DELIVERED: January 8, 2004