PD-0379-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/4/2015 2:06:44 PM
Accepted 5/4/2015 4:36:14 PM
ABEL ACOSTA
CLERK

**PD-0379-15**

# THE COURT OF CRIMINAL APPEALS OF TEXAS

**JOHN ELSWORTH COMBEST**
*Appellant*

v.

**THE STATE OF TEXAS,**
*Appellee*

---

### PETITION FOR DISCRETIONARY REVIEW

---

On Petition for Discretionary Review from the First Court of Appeals;
Cause No. 01-13-00712-CR, affirming the trial court's judgment in
Cause No. 1221980 in the 184th District Court of Harris County, Texas.

---

FILED IN
COURT OF CRIMINAL APPEALS

May 4, 2015

ABEL ACOSTA, CLERK

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**CHERI DUNCAN**
Assistant Public Defender
Harris County, Texas
Texas Bar No. 06210500
**BRIAN HUTCHISON**
Legal Intern
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

**Counsel for Appellant**

## IDENTITY OF PARTIES AND COUNSEL

Appellant                                     John Elsworth Combest
TDCJ # 01873580
Powledge Unit, TDCJ
1400 FM 3452
Palestine, TX 75803

Presiding Judge                         Hon. Jan Krocker
184th District Court
Harris County, Texas
1201 Franklin, 17th Floor
Houston, Texas 77002

Trial Prosecutor                         Brandon Leonard
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, TX 77002

Defense Counsel at Trial               Gilbert Villareal
Attorney at Law
1419 Franklin Ste 5
Houston, TX 77002

Counsel on Appeal for Appellant        Cheri Duncan
Assistant Public Defender
Brian Hutchison
Legal Intern
Harris County, Texas
1201 Franklin, 13th floor
Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................................ii

TABLE OF CONTENTS .........................................................................................................iii

INDEX OF AUTHORITIES ...................................................................................................... v

STATEMENT REGARDING ORAL ARGUMENT ....................................................................... 1

STATEMENT OF THE CASE................................................................................................... 1

STATEMENT OF PROCEDURAL HISTORY.............................................................................. 2

QUESTION PRESENTED ....................................................................................................... 2

# QUESTION PRESENTED

**DOES A NO-CONTACT PROVISION IN A COMMUNITY SUPERVISION ORDER PROHIBIT A DEFENDANT FROM INADVERTENTLY SEEING A MINOR IN A PUBLIC PLACE, AS THE FIRST COURT OF APPEALS HELD IN THIS CASE, OR DOES "CONTACT" REQUIRE SOMETHING MORE, AS THE FOURTEENTH COURT OF APPEALS HAS HELD?**

REASONS FOR REVIEW ........................................................................................................3

PRAYER................................................................................................................................5

CERTIFICATE OF SERVICE ...................................................................................................6

CERTIFICATE OF COMPLIANCE............................................................................................6

APPENDIX

# INDEX OF AUTHORITIES

## Cases

*Brisco v. State*, 2002 WL 595075 at \*4 (Tex.App. — Houston [1st Dist.] April 18, 2002, pet ref'd) ................................................................................................................ 5

*Combest v. State,* 01-13-00712-CR, 2015 WL 831994 (Tex. App. Houston [1st Dist.] Feb. 26, 2015) .......................................................................................................... 2

*Jacobellis v. Ohio*, 378 U.S. 184 (1964)(Stewart, J., concurring). .......................................... 1

*Pequenco v. State*, 710 S.W.2d 709 (Tex. App. – Houston [1st Dist.]1986, no pet.). .......... 5

*Speth v. State*, 965 S.W.2d 13, 17-18 (Tex.App. – Houston [14th Dist.] 1998), *rev'd on other grounds*, 6 S.W. 3d 530 (Tex. Crim. App. 1999) ........................................................ 4

*Whitaker v. State*, 2010 WL 2541863 at \*1 (Tex. App. — Beaumont, June 23, 2010, no pet.) ................................................................................................................... 2, 5

**STATEMENT REGARDING ORAL ARGUMENT**

Is the word "contact" like the word "pornography" – do courts simply know it when they see it?[1] The vexing question of what "contact" means arises frequently in appeals from motions to adjudicate guilt and motions to revoke probation. Only the Fourteenth Court of Appeals, however, has attempted to enunciate a definition. The First Court in this case made no such effort, but simply deferred to the trial court's finding that Appellant violated a no-contact order by merely seeing his sleeping grandson in a hospital emergency room. The frequency with which no-contact conditions are used to revoke community supervision makes this an important question of state law that needs to be resolved by this Court. Oral argument would be useful to resolve the conflict that currently exists concerning this question.

**STATEMENT OF THE CASE**

This petition follows the appeal of John Elsworth Combest's adjudication of guilt and the revocation of his community supervision. Mr. Combest had been placed on deferred adjudication with ten years of community supervision after pleading guilty to indecency with a child (C.R. at 82).

The motion to adjudicate in this case alleged that Mr. Combest had violated four conditions of his community supervision. The trial court granted the State's motion on

---

[1]     *See* the late Justice Potter Stewart's famous observation from *Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964)(Stewart, J., concurring).

1

all four grounds, and assessed punishment at 14 years in prison (C.R. at 121). Although Mr. Combest challenged each basis for revocation on appeal, the court of appeals addressed only one: whether or not he had violated a no-contact provision in his community supervision order.

Conducting an abuse of discretion review, the court of appeals held that the evidence supported the trial court's finding by a preponderance, citing *Whitaker v. State*, 2010 WL 2541863 (Tex. App. — Beaumont, June 23, 2010, no pet.). The court also held that double jeopardy did not bar the adjudication on that alleged violation, for which Mr. Combest previously had served a number of days in jail.

## STATEMENT OF PROCEDURAL HISTORY

The First Court of Appeals handed down its opinion on February 26, 2015. *Combest v. State,* 01-13-00712-CR, 2015 WL 831994 (Tex. App. Houston [1st Dist.] Feb. 26, 2015). After this Court granted a motion to extend, the petition was due on April 29, 2015. Counsel is filing a final motion to extend with this petition.

## QUESTION PRESENTED

**DOES A NO-CONTACT PROVISION IN A COMMUNITY SUPERVISION ORDER PROHIBIT A DEFENDANT FROM INADVERTENTLY SEEING A MINOR IN A PUBLIC PLACE, AS THE FIRST COURT OF APPEALS HELD IN THIS CASE, OR DOES "CONTACT" REQUIRE SOMETHING MORE, AS THE FOURTEENTH COURT OF APPEALS HAS HELD?**

The conditions of supervision that the trial court imposed on Mr. Combest did not define the word "contact." Neither did the court of appeals' opinion.

The specific condition that Mr. Combest allegedly violated said: "You **are to**

2

**have no contact with any minor under the age of seventeen** (17) beginning **11/29/2010** for any reason except as specifically permitted by the Court." (emphasis in original). The State alleged that he violated this condition when he entered a hospital emergency room to meet his daughter, who had taken his grandson there for treatment of a persistent high fever. His grandson was asleep in a chair and did not see or hear Mr. Combest.[2]

### REASONS FOR REVIEW

The court of appeals acknowledged that while Mr. Combest was at the hospital:

1. he never touched his grandson,

2. he did not speak to his grandson,

3. he did not communicate with his grandson, and

4. he did not make eye contact with his grandson

(Combest at p. 7). However, the court said, "Combest testified that he went to the hospital *because* Eric was there and that he saw Eric there, in the emergency room," and this, without more, was sufficient to support the trial court's ruling. *Id.* (emphasis in original).

The court of appeals' conclusion that mere seeing equals contact conflicts with the definition of contact enunciated by the Fourteenth Court of Appeals, which has

---

[2]    The grandson was not the complainant in the indecency charge for which Mr. Combest was placed on deferred adjudication, and there was no suggestion that he had ever abused the grandson.

3

said that contact can mean "several things: the physical union of surfaces; a simple association, whether verbal or not, with another person; or the establishment of communication with another." *See Speth v. State*, 965 S.W.2d 13, 17-18 (Tex. App. – Houston [14th Dist.] 1998), *rev'd on other grounds*, 6 S.W. 3d 530 (Tex. Crim. App. 1999). Under this definition, Mr. Combest did not violate the no-contact condition of his community supervision.

Mr. Combest's actions at the hospital only occupy a small part of the reporter's record, and the few instances where his intent is discussed in the record prove that he went to the hospital only to assist his daughter in making medical decisions:

- Manuel Chica, Mr. Combest's community supervision officer, testified he only knew about the incident because Mr. Combest described it in a letter to him. (R.R. at 24).

- Mr. Combest's daughter, Catherine Bell, said she called her father because he was close and was caring (R.R. at 48). She also testified that when she was talking with her father and the hospital medical staff, they were in a waiting room six rooms away from where her son was (R.R. at 48).

- Mr. Combest testified that he was at the hospital because his daughter had called and asked for his assistance. He testified that he saw his grandson twice: once while he was asleep on a chair in the emergency room and later when a nurse took him out of the room in a wheelchair. (R.R. at 56).

The evidence established that Mr. Combest went to a public place that he was

4

not forbidden from entering. While there, he merely *saw* a minor, who did not see him. The trial and appellate courts' conclusion that this was prohibited "contact" strains the definition of the word beyond all common sense. It equates merely seeing a child with far more potentially dangerous conduct in other cases in which violations of no-contact provisions occurred. *See, e.g.*, *Brisco v. State*, 2002 WL 595075 at *4 (Tex. App. — Houston [1st Dist.] April 18, 2002, pet ref'd)(not designated for publication)(appellant was alone with one-year old child that he allowed to touch his erect penis); *Whitaker v. State*, 2010 WL 2541863 at *1 (Tex. App. — Beaumont, June 23, 2010, no pet.) (appellant transported his son, whom he was authorized to transport, and other children in his car on more than one occasion).

Community supervision provisions that prohibit contact or communication between the defendant and others exist only to further the essential objectives of a person's probation. *Pequenco v. State*, 710 S.W.2d 709 (Tex. App. – Houston [1st Dist.]1986, no pet.). The lower courts' application of the no-contact provision in this case did not further any objectives of Mr. Combest's deferred adjudication, since the alleged violation was neither "contact" nor purposeful and intentional.

## PRAYER FOR RELIEF

Appellant prays that this Court grant his petition, and upon review, reverse the court of appeals and remand for consideration of the remaining issues.

Respectfully submitted,

5

**Alexander Bunin**
Chief Public Defender
Harris County Texas

/s/ *Cheri Duncan*

_____

**Cheri Duncan**
Assistant Public Defender
Texas Bar No. 06210500
1201 Franklin, 13th floor
Houston Texas 77002
(713) 368-0016 telephone
(713) 437-4318 e-fax
cheri.duncan@pdo.hctx.net

## CERTIFICATE OF SERVICE

I certify that a copy of this brief was served electronically to the Harris County District Attorney and the State Prosecuting Attorney on March 27, 2015.

/s/ *Cheri Duncan*

_____

Cheri Duncan

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Rule 9.2, TEX. R. APP. PROC. It was prepared on a computer using 14-point Garamond type. It contains 1,230 words.

/s/ *Cheri Duncan*

_____

Cheri Duncan



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00712-CR

————————————

**JOHN ELSWORTH COMBEST, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case No. 1221980

## MEMORANDUM OPINION

John Elsworth Combest was charged by indictment with indecency with a child, a felony. Combest pleaded guilty and was sentenced to 10 years' deferred adjudication and a $500 fine. Two years later, the State moved to adjudicate Combest's guilt, and Combest pleaded not true to the State's allegations. The trial

court found the allegations true and sentenced Combest to 14 years' confinement. In three issues, Combest challenges the sufficiency of the evidence to prove the State's three allegations, contends that the trial court could not adjudicate his guilt based on his failure to pay costs and fees because there was no bill of costs, and contends that the trial court violated the Constitution's double jeopardy clause by adjudicating him guilty based on the allegation that he violated the no-contact condition of his community supervision. We affirm.

## Background

The following are the relevant conditions of Combest's community supervision:

- Pay the following fees . . . **A $2.00 transaction fee will be charged each time you make a payment.**
  - Pay a **Supervision Fee** at the rate of **$60.00 per month** for the **duration** of your community supervision beginning 1/29/2011 to HCCS&CD
  - Pay a **Fine** of **$500.00** and **Court Costs** at the rate of **$30.00** per month beginning **01/29/2011** to Harris County through HCCS&CD. You are given credit for **0 DAYS**.

- You **are to have no contact with any minor under the age of seventeen** (17) beginning **11/29/2010** for any reason except as specifically permitted by the Court.

- You may **not access to the Internet** through any manner or method, beginning **11/29/2010** for any reason unless specifically ordered by the Court. You may not view, receive, download, transmit, or possess pornographic material on any computer. You are not to possess pornographic software images or material on any hard drive, floppy disk, Disk, Diskette or magnetic tape. **You may only have internet**

**access at a[n] employment site. You may not have internet access at your home until further order of the Court.**

Seven months after Combest's community supervision began, the State filed a motion to adjudicate his guilt, alleging that he violated the no contact with a minor condition of his community supervision. But the State requested that the trial court dismiss the motion. The trial court granted the motion to dismiss and noted the following on the motion: "Other: Jail therapy, Abel Eval." On the same day, the trial court amended the conditions of Combest's community supervision to order Combest to "participate in an intensive sex offender treatment program," submit to an "A.B.E.L. EVALUATION," and serve 25 days in jail, with credit for 20 days.

A year and a half later, the State filed a second motion to adjudicate, along with a later amended motion, alleging four violations of the conditions of community supervision:

- failure to pay supervision fees, in arrears $80 as of January 23, 2013;
- failure to pay his fine and court costs, in arrears $72 as of January 23, 2013;
- knowingly using the Internet for personal reasons that were unrelated to employment on or about November 20, 2012; and
- having contact with a minor under the age of 17 on or about May 12, 2011.

The trial court held a hearing on the State's motion to adjudicate, at which Combest pleaded not true to each allegation. The trial court found true each of the State's allegations, revoked Combest's community supervision, adjudicated him guilty, and sentenced him to 14 years' confinement.

## Sufficiency of the Evidence

### A.    Standard of Review

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court abuses its discretion in issuing an order to revoke if the State fails to meet its burden of proof. *Greathouse v. State*, 33 S.W.3d 455, 458 (Tex. App.—Houston [1st Dist.] 2000, pet ref'd). We examine the evidence in the light most favorable to the trial court's order. *Id.* The trial judge is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Amado v. State*, 983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

In a community supervision revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Smith v. State*, 790 S.W.2d 366, 367 (Tex. App.—Houston [1st Dist.] 1990, writ ref'd). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.). When several violations are found by the trial court, we will affirm the

order revoking community supervision if the State proved any one violation by a preponderance of the evidence. *See Sanchez v. State*, 603 S.W.2d 869, 870–71 (Tex. Crim. App. 1980); *Akbar*, 190 S.W.3d at 123.

## B.    Analysis

In his first issue, Combest contends that there is insufficient evidence to support the findings that he violated any conditions of his community supervision and, therefore, the trial court abused its discretion in adjudicating him guilty. In its motion to adjudicate guilt, the State alleged that Combest "did then and there violate the terms and conditions of Community Supervision by: Failing to comply with Court order by having contact with Eric Bell, who is a minor under the age of seventeen on or about May 12, 2011." The condition provided: "You **are to have no contact with any minor under the age of seventeen** (17) beginning **11/29/2010** for any reason except as specifically permitted by the Court."

Combest testified that in 2011 he went to a hospital and saw Eric after his daughter called Combest about Eric having been ill:

> I told [my community supervision officer] about having seen my grandson Eric at the hospital. And that [when] I went in, in fact, he was asleep on the chair inside the emergency room. And while I and his mother were talking about his condition, a nurse came out and got him in a wheelchair and took him to the back. I didn't see him for a while. I went to talk with the nurse about his condition and when the doctor got through, I talked to the doctor about his condition.

5

Combest also testified that he intended for the meeting at the hospital to take place—he told his daughter "to get [Eric] to the hospital," adding "I will meet you there as soon as I can."

Combest did not challenge the no-contact condition as unconstitutionally vague at the time the condition was imposed, and he does not make this argument on appeal. *See Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999) (en banc) (defendant must complain at trial to conditions of community supervision he finds objectionable and cannot raise complaint for first time on appeal). Rather, Combest contends that the State failed to prove a violation of the condition because there was no evidence that he touched, spoke to, made eye contact with, or communicated with Eric in any manner.

Appellate review of revocation is limited to determining whether the trial court abused its discretion, and we examine the evidence in the light most favorable to the trial court's findings. *See Rickels*, 202 S.W.3d at 763 (we review trial court's order revoking community supervision under abuse-of-discretion standard); *Greathouse*, 33 S.W.3d at 458 (we examine evidence in light most favorable to trial court's order). The State meets its burden of proving by a preponderance of evidence that Combest violated the conditions of his community supervision if the greater weight of the credible evidence creates a reasonable belief that Combest violated a condition of his community supervision. *See*

*Jenkins*, 740 S.W.2d at 437. Here, there is no evidence that Combest touched, spoke to, made eye contact with, or communicated with Eric, but Combest admits that he went to the hospital *because* Eric was there and that he saw Eric there, in the emergency room. We conclude that the State adduced sufficient evidence to meet its burden to prove a violation of the no-contact condition. *See Whitaker v. State*, No. 09-09-00246-CR, 2010 WL 2541863, at *3 (Tex. App.—Beaumont 2010, no pet.) (mem. op., not designated for publication) (appellant violated no-contact provision by driving children, other than his son, home because these actions "were not inadvertent, unplanned, or happenstance; they were purposeful and intentional").

In support of his argument that seeing Eric at the hospital did not amount to a violation of the no-contact condition, Combest relies on *Hacker v. State*, 389 S.W.3d 860 (Tex. Crim. App. 2013), in which the Court of Criminal Appeals held that there was insufficient evidence that any prohibited conduct had occurred. But in *Hacker*, the condition expressly allowed appellant to contact his wife by telephone regarding child custody issues.[1] *Id.* at 863. Hacker and his wife also "had an arrangement for [Hacker] to babysit their children at his wife's home while

---

[1] The no-contact condition specifically provided that Hacker was not to contact his wife "in person, in writing, by telephone, via the [I]nternet, a third party or any other means except as specifically permitted. YOU MAY SPEAK TO HER VIA TELEPHONE ONLY FOR THE PURPOSE OF CHILD CUSTODY ISSUES." *Hacker*, 389 S.W.3d at 863.

she was at work." *Id.* at 863. The Court of Criminal Appeals held that although "contact" has a broad meaning, Hacker's "simply occupying his wife's home when she was not there [was] not a prohibited communication with his wife . . . ." *Id.* at 868.

Here, no exception in the conditions permitted Combest to visit his minor grandson in the hospital. Accordingly, *Hacker* does not support Combest's argument. We conclude that the evidence supports the trial court's finding by a preponderance of the evidence that Combest violated the no-contact with minors condition of his community supervision as the State alleged.

### Double Jeopardy

In his third issue, Combest contends that the trial court violated his constitutional right "to be free from double jeopardy" by adjudicating his guilt based on the allegation that he violated the no-contact condition. The double jeopardy clause of the United States Constitution protects against three abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex Parte Rhodes*, 974 S.W.2d 735, 738 (Tex. Crim. App. 1998).

But double jeopardy protections do not apply to a revocation hearing because it is a proceeding wherein the result is deemed to be neither a conviction nor acquittal. *State v. Nash*, 817 S.W.2d 837, 840 (Tex. App.—Amarillo 1991,

pet. ref'd); *see Ex parte Peralta*, 87 S.W.3d 642, 644–46 (Tex. App.—San Antonio 2002, no pet.) (reasoning that probation revocation proceedings are not designed to punish a criminal, but to determine whether probationer has violated conditions; thus, double jeopardy does not apply to such proceedings). Unlike a criminal proceeding, guilt or innocence is not at issue in a revocation hearing. *Nash*, 817 S.W.2d at 840. Rather, the issue is whether the defendant has committed an act that in effect, broke the contract made with the court pursuant to the granting of community supervision. *Id.* The result is not a conviction, but a finding upon which the trial court might exercise its discretion by revoking, or continuing, community supervision. *Id.*

In 2011, when the State first moved to adjudicate Combest's guilt, the State alleged that Combest violated the condition that Combest have no contact with a minor when he visited his grandson in the emergency room on May 12, 2011. The State later moved to dismiss the motion, and the trial court granted the motion. At that time, the trial court amended the conditions of Combest's community supervision to include an A.B.E.L. evaluation and intensive sex offender treatment, as well as 25 days of jail time, with credit for 20 days served.[2]

---

[2] The trial court retains authority to impose jail confinement as a condition of community supervision "at any time during the supervision period." *Johnson v. State*, 286 S.W.3d 346, 351 (Tex. Crim. App. 2009). And the trial court "may do so for any reason and perhaps for no reason," unless prohibited by law. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12(a) (West 2004) (conditions of

9

Combest contends that the trial court's 2013 revocation based on the same alleged violation of the no-contact condition violated the double jeopardy clause. But "double jeopardy does not apply to probation-revocation hearings." *Smith v. State*, 290 S.W.3d 368, 381–82 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Indeed, "even if the trial court denies the State's motion to revoke probation, the State can file a second motion to revoke, alleging the exact same probation violations . . . ." *Id.*; *see also United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981) (declining to extend double jeopardy to probation revocation proceedings because they are not designed to punish a criminal defendant for violation of criminal law, but rather are for determining whether probationer has violated conditions of his probation).

Having concluded that there was sufficient evidence to support the trial court's finding that Combest violated the no-contact condition of his community supervision and that double jeopardy does not apply, we overrule Combest's first and third issues.[3] *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (single violation is sufficient to support revocation of community supervision).

---

community supervision may include submitting defendant in felony case to term of confinement no longer than 180 days in county jail).

[3] Because Combest's second issue regarding the lack of a bill of costs relates only to the allegations that he failed to pay costs and fees and we affirm based on a violation of the no-contact condition, we need not reach this issue.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.
Do Not Publish — TEX. R. APP. P. 47.2(b).