BELT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-029-CR

DAVID OWEN BELT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant David Belt was indicted for the first-degree felony offense of aggravated sexual assault of a child under fourteen.  Prior to entering into a plea agreement, Appellant filed written objections to the imposition of certain conditions of community supervision.  After conducting a hearing on January 17, 2003, the trial court overruled Appellant’s objections.  Thereafter, pursuant to a plea bargain, Appellant pleaded guilty, and he was placed on deferred adjudication community supervision for ten years and assessed a $1,000 fine. 

I.  Factual Background

The pre-sentence investigation report (“PSI”) conveyed details from the investigation of the sexual assault of thirteen-year-old C.S., who at the time of the assault, was visiting Appellant’s stepdaughter at Appellant’s residence. According to the PSI, the two girls had been drinking alcohol and smoking marijuana outside by Appellant’s swimming pool.  Appellant claimed that he went to bed and later woke up with C.S. on top of him and that “that’s were [sic] there was intercourse.”  C.S., however, reported that she became ill, and Appellant carried her to his bedroom, where he inserted his penis into her vagina.  Appellant drove her home and instructed C.S. not to tell anyone.  The PSI also indicated that Appellant was facing another charge for indecency with a child for allegedly touching his sixteen-year-old daughter “inside her pants near her vaginal area.”  Additionally, the PSI revealed that CPS had been involved with Appellant before and had warned him and his wife against “skinny dipping with the children.” 

II.  The Challenged Conditions

Appellant appeals from the denial of his written pretrial motion, in which he raised objections to some of the conditions of his community supervision.  
See
 
Tex. R. App. P.
 25.2(a)(2)(A).  In seven issues, he challenges the following conditions of his community supervision:

(ff)  Do not possess any printed, photographed, or recorded sexually stimulating or sexually oriented material as deemed inappropriate by the supervision office and your counselor or treatment provider, nor go on the premises of or patronize any place where such material or entertainment is available;

. . . .

(ii)  Do not reside, go in, go on, or go within a distance of 1000 feet of a premises where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility, unless all living arrangements or other exceptions have been reported to and approved by the supervision officer;

(jj)  Do not reside in a household with children under eighteen (18) years of age unless approved in advance by the supervision officer[; and]

(kk)  Have no contact with children under eighteen (18) years of age, including members of your own household, unless a designated chaperone is present and supervising the contact.  A ”designated chaperone” is a person who has completed a required education program and who is approved by the supervision officer with the agreement of your counselor or treatment provider. 

III.  Standard of Review

We review a trial court’s imposition of community supervision conditions under an abuse of discretion standard.  
See McArthur v.  State
, 1 S.W.3d 323, 331 (Tex. App.—Fort Worth 1999, no pet.), 
cert. denied
, 531 U.S. 873 (2000).  Article 42.12, section 11 of the code of criminal procedure permits a trial judge to “impose any reasonable condition . . . designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.”  
Tex. Code Crim. Proc.  Ann
. art. 42.12, § 11(a) (Vernon Supp. 2004); 
see also Tamez v. State
, 534 S.W.2d 686, 691 (Tex. Crim. App. 1976) (noting a condition should “have a reasonable relationship to the treatment of the accused and the protection of the public”).  In addition, because Appellant was convicted of aggravated sexual assault of a child, sections 13B and 14 also apply.  
See
 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 13B (community supervision for sexual offenses against children), § 14 (community supervision for child abusers and sex offenders).

While the trial court has wide discretion in selecting conditions of community supervision, the conditions must be reasonably related to the treatment of the accused and the protection of the general public.  
Fielder v. State
, 811 S.W.2d 131, 134 (Tex. Crim. App. 1991).  To be found invalid, a condition of community supervision must:  (1) have no relationship to the crime;  (2) relate to conduct that is not in itself criminal; and (3) forbid or require conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation.  
Marcum v. State
, 983 S.W.2d 762, 768 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. ref’d); 
Lacy v. State
, 875 S.W.2d 3, 5 (Tex. App.—Tyler 1994, pet. ref’d); 
Simpson v. State
, 772 S.W.2d 276, 280-81 (Tex. App.—Amarillo 1989, no pet.).  If the trial court imposes an invalid condition of probation, the proper remedy is to reform the judgment by deleting the invalid condition.  
Martinez v. State
, 874 S.W.2d 267, 268 (Tex. App.—Houston [14
th
 Dist.] 1994, pet. ref'd) (citing 
Ex parte Pena
, 739 S.W.2d 50, 51 (Tex. Crim. App. 1987)).

IV.  Discussion

A. Conditions (ff), (ii), (jj), and (kk): Delegation of Judicial Authority

In his first and fifth issues, Appellant argues that the trial court abused its discretion by imposing conditions (ff), (ii), (jj), and (kk) because those conditions impermissibly delegate judicial authority to the community supervision officer.  We have previously determined that condition (ff), as worded above, does not constitute an impermissible delegation of judicial authority.  
McArthur
, 1 S.W.3d at 334-35.  In 
McArthur
, we likewise held that the trial court did not abuse its discretion by imposing condition (ii), which is identical to the one at issue in 
McArthur
, or by imposing conditions (jj) and (kk), which are substantially similar to those in 
McArthur
.
(footnote: 1)  
Id
. at 331, 333. Appellant provides no rationale as to why we should reconsider our previous decision.  Accordingly, we overrule Appellant’s first and fifth issues.

B. Condition (ff):  Vagueness

In his second issue, Appellant complains that the trial court abused its discretion by imposing condition (ff) because it is unconstitutionally vague.  Specifically, Appellant maintains that condition (ff) unconstitutionally conveys unfettered discretion to the community supervision office and fails to provide Appellant with adequate notice of what material may be deemed “inappropriate,” “sexually stimulating,” or “sexually oriented” to his community supervision officer.  In 
McArthur
, the appellant challenged the identical condition (ff) as Appellant does in the case before us.  
Id
. at 331.  McArthur argued that “because the supervision officer has some discretion in implementing the terms of [appellant’s] supervision, [condition (ff) is] vague or indefinite.”  
Id
.  at 335.  We stated that 

a defendant can only be penalized after he has received fair notice of the conditions of community supervision.  Thus, for example, appellant could not be penalized for possession of sexually explicit material if he is not fairly informed of what constitutes sexually explicit material.  The supervision officer’s discretion in implementing the details of appellant’s supervision does not in and of itself make the complained-of conditions vague.

Id
.  In accordance with 
McArthur
, we overrule Appellant’s second issue.  
See id
.

C. Conditions (ii), (jj), and (kk):  Due Process

In his third issue, Appellant contends that the trial court abused its discretion and violated his due process rights by imposing conditions (ii), (jj), and (kk) without a factual basis in the record to support the imposition of those conditions.  At the plea hearing, Appellant objected to conditions (ii), (jj), and (kk) on the grounds that they were unauthorized by statute, unreasonable, overbroad, and unconstitutionally vague.  Appellant did not raise a due process challenge in the court below as to any of the three conditions he is now challenging, but he claims that the due process issue was implicit in his overbreadth challenges to the complained-of conditions.  We disagree.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the 
specific
 grounds for the desired ruling if those grounds are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Here, Appellant failed to object specifically to conditions (ii), (jj), and (kk) on due process grounds.  Accordingly, Appellant has not preserved for our review his complaint that the imposition of conditions (ii), (jj), and (kk) violated his due process rights.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
see also Briggs v. State
, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding even constitutional errors may be waived); 
In re L.M.I.
, 119 S.W.3d 707, 711 (Tex. 2003) (holding, in a parental termination case, that father’s due process argument was waived by his failure to raise that point in the trial court); 
McCarroll v. Tex. Dep’t of Pub. Safety
, 86 S.W.3d 376, 379 (Tex. App.—Fort Worth 2002, no pet.) (holding appellant waived complaint concerning violation of due process rights).

Appellant attempts to recast the issue in his reply brief as a challenge to the legal sufficiency of the evidence in support of the imposition of conditions  (ii), (jj), and (kk).  Appellant, however, failed to make this argument in his brief on the merits.  The trial court’s certification of Appellant’s right of appeal states, “[This] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant had the right of appeal.”  The trial court did not give Appellant permission to appeal any issues.  Current Texas Rule of Appellate Procedure 25.2(a)(2), applicable to Appellant’s appeal filed after January 1, 2003 provides:

In a plea bargain case—that is, a case in which defendant’s plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal 
only
:  (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court’s permission to appeal.

Tex. R. App. P.
 25.2(a)(2) (emphasis added).  Thus, even if Appellant properly briefed his legal sufficiency challenge, the record reveals that we have no jurisdiction to consider this issue.  
See id
. 25.2(a)(2)(B).  We overrule Appellant’s third issue.

D. Conditions (ii), (jj), and (kk):  Statutory Authority, Reasonableness, and Breadth

In his fourth issue, Appellant complains that the trial court abused its discretion by imposing conditions (ii), (jj), and (kk) because these conditions are unauthorized by statute, legally unreasonable, and overbroad.  As we stated in 
McArthur
, conditions (ii), (jj), and (kk) are authorized by statute because “article 42.12, section 13B provides for terms . . . (ii), (jj), and (kk)” and requires a court “to establish a ‘child safety zone’ mandating that the probationer may not enter the zone.”  1 S.W.3d at 333; 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 13B(a)(1).  Because Appellant’s challenges concerning the reasonableness and breadth of conditions (ii), (jj), and (kk) are interrelated, we address them jointly with respect to each condition.

Appellant argues that condition (ii) is invalid under the three-part test enunciated in 
McArthur
:

To be invalid, a condition of community supervision must (1) have no relationship to the crime; (2) relate to conduct that is not in itself criminal; and (3) forbid or require conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation. 

1 S.W.3d at 332 (citation omitted).  Appellant contends that the 1000-foot child safety zone imposed in this case is unsupported by any evidentiary justification and is broader than necessary to protect the public.  In large part, Appellant is complaining about condition (ii) because he has been living in a home that is within 1000 feet of a high school.  In his brief, Appellant states that because of the breadth of condition (ii), he will have to vacate and sell his family residence, and he will be unable to obtain a residence within any incorporated area of Denton County or the State of Texas. 

We agree with the State that, while condition (ii) prohibits Appellant from residing in the home at issue, nothing in condition (ii) requires him to sell the home, which Appellant admitted was in his wife’s name.  We also agree with the State that Appellant’s contention that it will be impossible to obtain housing in compliance with condition (ii) is speculative and unsupported by the record.  We believe that condition (ii) has a reasonable relationship to Appellant and the protection of the public.  
See Tamez
, 534 S.W.2d at 691.  Appellant has cited numerous cases in his brief in which a court has crafted the child safety zone under 1000 feet, but we agree with the State that 1000 feet is not unique.  
See Luera v. State
, 71 S.W.3d 408, 411 (Tex. App.—Waco 2001, pet. ref’d) (discussing 1000-foot child safety zone); 
McArthur
, 1 S.W.3d at 331 (discussing 1000-foot child safety zone); 
see also Margoitta v. State,
 994 S.W.2d 336, 340 (Tex. App.—Waco 1999, no pet.) (discussing 900 and 500 foot distances).  We therefore hold the trial court did not abuse its discretion in imposing such a condition in this case. 

In Appellant’s reasonableness and overbreadth challenges to conditions (jj) and (kk), Appellant complains that these conditions interfere with his fundamental right to establish a home in which to bring up his children. 
 See Meyers v. Nebraska
, 262 U.S. 390, 399, 43 S. Ct. 625, 626 (1923).  In essence, Appellant is again raising a due process argument, an issue which we have already held that Appellant waived by failing to raise it in the trial court.  
See
 
Tex. R. App. P.
 33.1(a)(1).

To the extent that Appellant has not waived his reasonableness and overbreadth complaints to conditions (jj) and (kk), we reiterate from 
McArthur 
that “[p]robationers simply do not enjoy the absolute liberty to which every citizen is entitled, but only conditional liberty properly dependent on observance of special supervisory restrictions.”  1 S.W.3d at 332 (citations omitted).  Here, Appellant admitted that he sexually assaulted a thirteen-year-old girl.  The PSI also indicated that he was living with two stepdaughters, ages fourteen and five years old and that he had displayed inappropriate behavior with his own daughter.  Under these circumstances, the trial court acted within his discretion by imposing conditions (jj) and (kk).  
See Fielder
, 811 S.W.2d at 134; 
Alakayi v. State
, 102 S.W.3d 426, 436 (Tex. App.—Houston [14
th
 Dist.] 2003, no pet.) (upholding community supervision conditions that restricted the defendant’s access to his own child).  Accordingly, we overrule Appellant’s fourth issue.

E. Condition (ii):  Measurement of Child Safety Zone

In his sixth issue, Appellant argues that the trial court abused its discretion by imposing condition (ii) because it is unconstitutionally vague due to its failure to state how the child safety zone is to be measured.
(footnote: 2)  Appellant’s sole authority in support of his sixth issue is the Corpus Christi Court of Appeals’s decision in 
Rickels v. State
; however, during the pendency of this appeal, the court of criminal appeals reversed the 
Rickels
 decision upon which Appellant relies.  69 S.W.3d 775 (Tex. App.—Corpus Christi 2002), 
rev’d
, 108 S.W.3d 900, 903 (Tex. Crim. App. 2003).

In 
Rickels
, the court of criminal appeals addressed whether the following condition was too vague to be enforced:  ”[Do] not go within three hundred (300) feet of any premises where children 17 years or younger congregate or gather.”  108 S.W.3d at 901.  Appellant Rickels argued that the condition was vague because “it failed to specify how the child safety zone was to be measured.”  
Id
.  The court disagreed, stating that the condition “prohibits Rickels himself from going within 300 feet of a child safety zone.”  
Id 
at 902.  The 
Rickels
 decision further states, “The only measurement that is at issue is from Rickels’s body to premises where children congregate,” and after defining the term “premises,” the court held that “[t]here is nothing vague about a measurement from Rickels’s body to the boundary line of the school.”  
Id.
 at 902-03.

Here, Appellant argues that while 
Rickels 
alleviates some of his concerns about the constitutionality of condition (ii), the condition is still vague because  “it does not provide [him] with adequate notice of how the distance from the location where he ‘resides’ will be measured.”  Appellant complains that the measuring point from a location where he resides, unlike a measurement from his body, is not readily ascertainable from a plain reading of the term “reside.”  Appellant questions whether the outer limit of a location where he resides extends to the property line of the premises on which he resides or whether it would extend from the outer surfaces of a building in which Appellant resides. 

We believe that 
Rickels
 addresses Appellant’s concern.  
Rickels
 defines “premises” as “‘[a] house or building, along with its grounds.’”  108 S.W.3d at 902 (citation omitted).  Thus, the boundary line of the location where Appellant resides is the proper boundary from which to measure.  
Id
.  Because there is nothing vague about the measurement from the boundary line of the location at which Appellant will reside to the boundary line of the child safety zone, we overrule Appellant’s sixth issue.  
See id
. at 902-03.

F. Condition (kk):  “Contact
”

In his seventh issue, Appellant asserts that the trial court abused its discretion by imposing condition (kk) because the condition is unconstitutionally vague due to its failure to provide notice of what is meant by the term “contact.”  In 
McArthur
, we overruled appellant’s contention that because the supervision officer has some discretion in implementing condition (kk), the condition was vague, indefinite, or ambiguous.  1 S.W.3d at 335.  In this case, Appellant’s argument is based on a decision from the Fourteenth District Court of Appeals, which concluded that a condition requiring that the defendant “have no contact with any minor girls for the duration of his probation” was unreasonable because it failed to give appellant notice of what was expected of him.  
Speth v. State
, 965 S.W.2d 13, 17 (Tex.  App.—Houston [14
th
 Dist.] 1998), 
rev’d on other grounds
, 6 S.W.3d 530 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1088 (2000).

We decline to follow the Fourteenth District Court of Appeals’s 
Speth
 decision concerning its interpretation of the word “contact.”  
See id
.  The First District Court of Appeals addressed a challenge to the validity of the following condition:  “You are to have no unsupervised contact with any minor under the age of seventeen (17) beginning 11-8-96 for any reason except as specifically permitted by the Court.”  
Brisco v. State
, No. 01-00-00762-CR, 2002 WL 595075, at *1 (Tex.  App.—Houston [1
st
 Dist.] 2002, pet. ref’d) (op. on reh’g) (not designated for publication).  Brisco argued that the condition was vague and ambiguous because of the terms “‘unsupervised’ and ‘contact’ individually, and the collective term ‘unsupervised contact.’”  
Id
. at *4.  The 
Brisco
 
court held that “the ‘no unsupervised contact’ provision is clear and unambiguous.”  
Id
.  The court reasoned that because of the nature of Appellant’s crime–indecency with a child–“it was obviously the trial court’s intention to prohibit appellant from having 
any
 contact whatsoever, not just sexual contact, with a person under the age of [seventeen] unless someone else was present.”  
Id
. at *1, 4; 
see also Pequeno v. State
, 710 S.W.2d 709, 710 (Tex.  App.—Houston [1
st
 Dist.] 1986, pet. ref’d) (upholding condition that “prohibited appellant from having any contact whatsoever with [the complainant], whether in person, by telephone, or by writing”).

In its brief, the State also refers us to federal precedent upholding conditions that prohibit “contact.”  
See United States v.  Paul
, 274 F.3d 155, 165-66 (5th Cir. 2001) (holding that condition requiring appellant to “avoid ‘direct and indirect contact with minors’” was not “unduly broad”), 
cert. denied
, 535 U.S. 1002 (2002); 
United States v. Loy
, 237 F.3d 251, 267-69 (3d Cir. 

2001) (upholding condition that prohibited the defendant from all “unsupervised contact with minors”); 
United States v. Bee
, 162 F.3d 1232, 1235-36 (9th Cir. 1998) (upholding condition that appellant “not have contact with children under the age of 18 unless approved by [his] probation officer”), 
cert. denied
, 526 U.S. 1093 (1999).  We find these federal decisions to be instructive, and we agree with and follow the reasoning in 
Brisco
. 

Here, Appellant pleaded guilty to aggravated sexual assault of a child under fourteen.  Because of the nature of this offense and the necessity of establishing a child safety zone, it is apparent that the trial court intended to prohibit Appellant from having 
any
 contact whatsoever, not just sexual contact, with a person under the age of eighteen unless a designated chaperone was present and supervising the contact.  
See Brsico
, 2002 WL 59075, at *4.  Condition (kk) is directly related to the offense for which Appellant was convicted, and it relates to the future criminality of Appellant.  
See Marcum
, 983 S.W.2d at 768.  Further
, “the condition ha[s] a reasonable relationship to the treatment of [A]ppellant and the protection of the public.”  
Id
.  Accordingly, we overrule Appellant’s seventh issue.

V.  Conclusion

Having overruled all seven of Appellant’s issues, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A:  CAYCE, C.J.; GARDNER, J. and SAM J. DAY, J. (Retired, Sitting by Assignment)

PUBLISH

DELIVERED:  January 8, 2004

FOOTNOTES
1:
In 
McArthur
, this court upheld the following conditions (jj) and (kk):

(jj) Do not reside in a household with children under eighteen (18) years of age unless approved in advance by the supervision officer, including the residence of the victim . . .;

(kk) Have no contact with children under eighteen (18) years of age, including members of your own household, unless a designated chaperone is present and supervising the contact.  A “designated chaperone”, excluding [appellant’s wife], is a person who has completed a required education program and who is approved by the supervision officer with the agreement of your counselor or treatment provider[.] 

1 S.W.3d at 331, 333-34.

2:
In 
McArthur
, we upheld an identical condition (ii), against appellant’s argument that the condition was vague, indefinite, or ambiguous because of the supervision officer’s discretion in implementing it.  1 S.W.3d at 335.