In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-027 CR


____________________



ARTHUR PHILMORE READO, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 89950






MEMORANDUM OPINION (1)


 Arthur Philmore Reado pleaded guilty to an indictment for the state jail felony
offense of theft by repetition. See Tex. Pen. Code Ann. § 31.03(a), (b), (e)(4)(D)
(Vernon 2003 & Supp. 2004). Following a plea bargain agreement between Reado and
the State, the trial court convicted Reado and sentenced him to two years of confinement
in a state jail facility and a $1,000.00 fine, then suspended the imposition of the sentence
and placed Reado on community supervision for five years. When the trial court placed
Reado on community supervision, it also entered an order requiring him to serve 160 days
in state jail as a condition of community supervision. (2) 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief noted that the
record contained a written admonishment that the defendant could be ordered confined for
between 90 and 180 days in the state jail as a condition of community supervision. The
plea bargain agreement is silent regarding limitations on "up-front" confinement in the
state jail. On March 4, 2004, Reado was given an extension of time in which to file a pro
se brief. Reado filed a pro se brief in which he asserts that he was not punished for the
proper grade of offense and in which he claims he received ineffective assistance of
counsel at trial. He also complains about being ordered to serve "up-front" time as a
condition of community supervision and further claims that he should have received credit
on the "up-front" confinement for time served before his plea. None of these issues was
raised by a written motion filed and ruled on prior to trial. See Tex. R. App. P.
25.2(a)(2). Therefore, the points raised in the brief are outside the scope of this appeal. 
Belt v. State, 127 S.W.3d 277, 283 (Tex. App.- Fort Worth 2004, no pet.). (3)

 The indictment alleged the commission of an offense under Penal Code section
31.03(a), (b), (e)(4)(D). The pleading regarding the two prior theft convictions is a grade-of-offense rather than a punishment enhancement allegation. Diamond v. State, 530
S.W.2d 586 (Tex. Crim. App.1975). Reado pleaded guilty to the indictment, which
alleged the commission of a state jail felony grade-of-offense. No arguable issue is
presented regarding the grade-of-offense. See Henry v. State, 948 S.W.2d 338, 341 (Tex.
App.- Dallas 1997, no pet.). Assuming for the sake of argument that the appellant was
entitled to raise jurisdictional matters, no arguable point exists regarding the trial court's
jurisdiction over the defendant. (4) Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon Supp.
2004). 


 Because the trial court certified the appeal for pre-trial orders, Reado invoked our
jurisdiction by filing notice of appeal. See Tex. R. App. P. 25.2(b). Our review of the
record, however, reveals no arguable error arising from any ruling on a written pre-trial
motion. As we have found no error within our appellate jurisdiction to resolve, we decline
to order appointment of new counsel. (5)
 Compare Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). The judgment of the trial court is affirmed.

 AFFIRMED. 

 PER CURIAM


Submitted on June 9, 2004

Opinion Delivered June 30, 2004

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.












1. Tex. R. App. P. 47.4.
2. Although the order appears in a separate document titled "Order Amending Terms
of Community Supervision," the order was made at original sentencing, not in a
subsequent proceeding. The written order to "serve 160 days in state jail" varies from the
oral pronouncement of "six months in the state jail." 
3. To be found invalid, a condition of community supervision must: (1) have no
relationship to the crime; (2) relate to conduct that is not in itself criminal; and (3) forbid
or require conduct that is not reasonably related to the future criminality of the defendant
or does not serve the statutory ends of probation. Belt, 127 S.W.3d at 281.
4. See Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App.2001)(construing rule
in effect from 1997 through 2002). The issue of whether an appellant may raise
jurisdictional error in an appeal from a plea-bargained sentence in an appeal perfected after
January 1, 2003, may be resolved when the Court of Criminal Appeals resolves the
petition for review filed in Griffin v. State, No. 06-03-00071 CR (Tex. App.- Texarkana
Apr. 17, 2003, pet. granted)(not designated for publication).
5. Defendants seeking to escape ill-conceived plea bargain agreements have recourse
in habeas corpus. Cooper v. State, 45 S.W.3d at 82; Tex. Code Crim. Proc. Ann. art.
11.08 (Vernon 1977).