COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-480-CR
  
  
TONY 
EDWARD BARBEE                                                        APPELLANT
A/K/A 
TONY E. BARBEE
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. INTRODUCTION
        A 
jury found appellant Tony Edward Barbee a/k/a Tony E. Barbee guilty of burglary, 
enhanced by two prior burglary convictions, and assessed punishment at ten 
years’ confinement. The trial court’s judgment imposed this sentence and 
ordered Appellant to pay, as a condition of parole, $5,000 in reparations for 
appointed counsel fees. Because the trial court improperly ordered Appellant to 
pay appointed counsel fees, we will delete the invalid portions of the judgment 
and affirm the judgment as modified.
II. BACKGROUND
        At 
trial, a security guard testified that around six a.m. on the morning of the 
burglary, he stepped outside his building in downtown Fort Worth for a cigarette 
break and watched a man wearing dark clothing and a ball cap for about five 
minutes as the man peered into the window of a store across the street. The 
security guard saw the man break the window, remove an item from one of the 
store’s display shelves, and put it in a white sack that he was carrying. The 
security guard called the police and described the burglar as a stocky man about 
five feet nine inches tall, wearing dark-colored pants and shirt, and a ball 
cap. When the police arrived, the security guard told them the direction in 
which the burglar had left the scene.
        Soon 
thereafter, the police brought a suspect to the scene, but the security guard 
told them that the suspect was not the man he saw burglarizing the store. Next, 
the police brought Appellant to the scene, and the security guard identified him 
as the burglar; police officer Monte Tucker testified that the security guard 
made this identification without hesitation. According to the security guard, 
about fifteen to twenty minutes passed between the burglary and the police’s 
bringing Appellant to the scene. The security guard also made an in-court 
identification of Appellant as the man whom he saw breaking into the store.
        Police 
officer Scott McClain testified that soon after the burglary, he saw a man 
matching the description given by the security guard walking through the Water 
Gardens on the south side of downtown. Officer McClain attempted to pursue the 
man but lost sight of him. He then heard that another officer had stopped a man 
walking away from the Water Gardens, but when he saw the man in the back of a 
police patrol car, the man was not wearing a baseball cap or carrying a white 
bag. He noticed, however, that the man’s Afro hairstyle had a ring around it 
where a hat had been. Officer McClain identified Appellant as the man he saw in 
the Water Gardens and in the back of the patrol car. Furthermore, Officer Don 
Christiansen testified that he found a dark-colored baseball cap and white bag 
containing a religious figurine in a trash can near the Water Gardens.
        Appellant 
was charged and convicted by a jury of the offense of burglary of a building. 
After Appellant pleaded true to the indictment’s enhancement notice charging 
two prior burglary convictions, the jury assessed his punishment at ten years’ 
confinement. The trial court’s judgment imposed this sentence and ordered 
Appellant to pay, as a condition of parole, $5,000 in reparations for appointed 
counsel fees. Appellant now brings this appeal.
III. INEFFECTIVE ASSISTANCE OF COUNSEL
        A.     Failure 
to Suppress Out-of-Court Identification
        In 
his first point, Appellant argues that his trial counsel was ineffective in 
failing to file a motion to suppress or object at trial to the security 
guard’s identification of Appellant at the scene as the burglar. To succeed on 
an ineffective assistance claim, the defendant must show that (1) counsel’s 
performance was deficient and (2) the deficient performance prejudiced his 
defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 
2064 (1984). To show deficient performance, the defendant must prove by a 
preponderance of the evidence that his counsel’s representation fell below the 
standard of professional norms. Id. at 688, 104 S. Ct. at 2064. To 
demonstrate prejudice, the defendant must show a reasonable probability that, 
but for counsel’s unprofessional errors, the result of the proceeding would 
have been different. Id. at 694, 104 S. Ct. at 2068.
        Appellant 
claims that there can be no strategic explanation that would justify a decision 
to refrain from attacking the security guard’s on-scene identification of 
Appellant. However, failure to file a motion to suppress or to object to the 
admission of evidence does not demonstrate a deficiency of counsel per se. See 
Ortiz v. State, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002), cert. denied, 
538 U.S. 998 (2003); Hammond v. State, 942 S.W.2d 703, 710 (Tex. 
App.—Houston [14th Dist.] 1997, no pet.). To show that counsel’s performance 
was deficient, Appellant was obliged to prove that the motion would have been 
granted or that the objection would have been sustained. See Ortiz, 93 
S.W.3d at 93 (stating that a claim of ineffective assistance based on failure to 
object to the admission of evidence must establish that the evidence was 
inadmissible); Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 
1998) (holding that, to prevail on a claim of ineffective assistance, appellant 
is “obliged to prove that a motion to suppress would have been granted”); Roberson 
v. State, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (holding that 
without a showing that a pretrial motion had merit and that a ruling on the 
motion would have changed the outcome of the case, counsel is not ineffective 
for failing to assert the motion).
        To 
prevail on a motion to suppress, Appellant would have had to produce evidence 
that defeated the presumption of proper police conduct. See Jackson, 973 
S.W.2d at 957. Appellant claims that the identification was improper because it 
was “a one person show-up, not multi person line-up.” However, the admission 
of evidence of a one-man showup, without more, does not violate due process. Neil 
v. Biggers, 409 U.S. 188, 198, 93 S. Ct. 375, 382 (1972). The standard for 
admissibility of testimony concerning an out-of-court identification is whether 
the identification procedure created a substantial likelihood of 
misidentification. Id. at 198, 93 S. Ct. at 381. Even a suggestive 
identification procedure is admissible if the identification was reliable under 
a totality of the circumstances, considering (1) the opportunity of the witness 
to view the criminal at the time of the crime, (2) the witness’s degree of 
attention, (3) the accuracy of the witness’s prior description of the suspect, 
(4) the level of certainty demonstrated by the witness at the confrontation, and 
(5) the length of time between the crime and the confrontation. Id. at 
199-200, 93 S. Ct. at 382. Here, given the security guard’s observation and 
accurate, detailed description of the burglar, the certainty of his 
identification, and the short amount of time between the burglary and his 
identification of Appellant as the burglar, we cannot conclude that the 
identification procedure created a substantial likelihood of misidentification 
and was unreliable under the totality of the circumstances. Because Appellant 
has not shown that the identification would have been inadmissible and thus 
would have been excluded either by a motion to suppress or an objection at 
trial, we overrule Appellant’s first point.
        B.     Failure 
to Secure an Expert Witness
        In 
his second point, Appellant argues that his trial counsel was ineffective for 
failing to seek the appointment of an expert witness in the field of eyewitness 
identification because the issue of the reliability of eyewitness identification 
was “the primary issue at trial.” However, the record before us is silent as 
to why Appellant’s trial counsel did not request the appointment of an expert 
witness. Therefore, Appellant has failed to rebut the presumption that these 
actions were part of trial counsel’s sound trial strategy. To find that trial 
counsel was ineffective based on the asserted grounds would call for 
speculation, which we will not do. See Jackson v. State, 877 S.W.2d 768, 
771 (Tex. Crim. App. 1994); Pieringer v. State, 139 S.W.3d 713, 719-20 
(Tex. App.—Fort Worth 2004, no pet.).
        Furthermore, 
Appellant does not argue that an expert witness would have testified favorably 
for the defense or that the result of trial would have been different had trial 
counsel secured an expert witness. Instead, he merely suggests that “perhaps 
more could have been done for Appellant” beyond trial counsel’s closing 
argument to the jury that the identification procedure was tainted. [Emphasis 
added.] Accordingly, Appellant has failed to meet his burden under Strickland 
of proving that trial counsel’s representation was ineffective. See 466 
U.S. at 687, 104 S. Ct. at 2064. We overrule Appellant’s second point.
        C.     Failure 
to Record Voir Dire
        Appellant 
argues in his third point that his trial counsel rendered ineffective assistance 
by not requesting a record of the voir dire examination of the venire. Appellant 
claims that a record was necessary because of the potential for error in 
questioning the venire about enhanced ranges of punishment and in striking 
venire members. Appellant does not argue, however, that anything actually 
occurred during voir dire that even arguably would have constituted error.
        To 
prevail on an ineffective assistance claim, Appellant must show some specific 
injury resulting from the failure to request a transcription of the proceeding. See 
Rivera v. State, 981 S.W.2d 336, 339 (Tex. App.—Houston [14th Dist.] 1998, 
no pet.). In this appeal, the record contains nothing to show that Appellant was 
harmed by the failure to request a record or what the record would have shown 
that would have affected the outcome of his appeal. Accordingly, we overrule 
Appellant’s third point.
        D.     Cumulative 
Error
        Finally, 
Appellant claims in his fourth point that the cumulative effect of trial 
counsel’s errors rendered his representation of Appellant ineffective. Because 
we have concluded that Appellant has not shown any error by his trial counsel 
that meets the Strickland standard for ineffective assistance, we 
overrule Appellant’s fourth point as well. See Chamberlain v. State, 
998 S.W.2d 230, 238 (Tex. Crim. App. 1999), cert. denied, 528 U.S. 1082 
(2000) (holding that non-errors cannot cumulatively cause error).
IV. REIMBURSEMENT OF COURT-APPOINTED COUNSEL FEES
        In 
his fifth point, Appellant argues that the trial court erred when it ordered him 
to pay court-appointed counsel fees as a condition of parole. The trial 
court’s judgment ordered Appellant to pay, as a condition of parole, 
reparations of $5,000 for appointed counsel fees. The judgment also ordered 
Appellant to pay $5,000 in appointed counsel fees to the district clerk under 
article 26.05 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 26.05 
(Vernon Supp. 2004-05). The State concedes that the trial court was without 
statutory authority to order payment of attorney’s fees as a condition of 
parole. See Tex. Gov’t Code Ann. 
§ 508.221 (Vernon 2004) (authorizing parole panel to impose as a 
condition of parole any condition that a court may impose on a defendant placed 
on community supervision).[2]  The trial court 
may determine the dollar amount of that reimbursement, state that amount in the 
judgment, and recommend that Appellant pay that amount to the county as a 
condition of parole, but it does not have the authority to require reimbursement 
as a condition of parole.  See Slaughter v. State, Nos. 2-04-050-CR, 
2-04-051-CR, 2005 WL 183142, at *1 (Tex. App.—Fort Worth Jan. 27, 2005, no 
pet.) (not designated for publication); cf. Campbell v. State, 5 S.W.3d 
693, 696 (Tex. Crim. App. 1999) (stating that the trial court may fix the amount 
of restitution that is just, and the parole panel may use this amount in 
ordering restitution as a condition of parole).
        Furthermore, 
the record does not contain the statutorily-required finding of the trial court 
judge that Appellant has any financial resources or is able to pay the $5,000 in 
appointed counsel fees.  See Tex. 
Code Crim. Proc. Ann. art. 26.05(g).  The record does, however, 
contain Appellant’s request for appointed counsel both at trial and on appeal, 
a notice from the Tarrant County Office of Attorney Appointments notifying 
Appellant’s trial counsel of his appointment to represent Appellant, an 
“indigent defendant,” and the trial court’s order appointing Appellant 
counsel on appeal and granting Appellant a free reporter’s record.  
Therefore, the record does not reflect that the trial court had any evidence 
before it that Appellant was reasonably able to repay his appointed counsel 
fees.  Rather, the record indicates the opposite—that Appellant was 
appointed counsel at trial and on appeal because he was indigent and unable to 
pay for legal representation on his own. Therefore, we conclude that the trial 
court erred by ordering reimbursement of appointed counsel fees and sustain 
Appellant’s fifth point.
        When 
the trial court imposes an invalid condition in its judgment, the proper remedy 
is to modify the judgment by deleting the invalid condition. See Belt v. 
State, 127 S.W.3d 277, 281 (Tex. App.—Fort Worth 2004, no pet.). 
Accordingly, we modify the judgment to delete the $5,000 reparations amount as 
well as the following paragraphs:
   
APPOINTED COUNSEL FEES IN THE AMOUNT OF $5,000.00 TO BE PAID AS A CONDITION OF 
PAROLE.
  
IT 
IS FURTHER ORDERED THAT APPOINTED COUNSEL FEES FOR PURPOSES OF TEX. CODE CRIM. 
PROC., ANN., ARTICLE 26.05 BE SET AT $5,000.00 AND MADE PAYABLE TO AND THROUGH 
THE CRIMINAL DISTRICT CLERK’S OFFICE OF TARRANT COUNTY, TEXAS
 
 
V. CONCLUSION
        Having 
sustained Appellant’s point regarding repayment of appointed counsel’s fees 
and overruled Appellant’s remaining points, we affirm the trial court's 
judgment as modified.
   
  
                                                                  PER 
CURIAM
 
 
 
PANEL 
F:   MCCOY, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 12, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 11(a)(11) (Vernon Supp. 2004-05) (authorizing trial court judge 
to require reimbursement for compensation paid to appointed counsel as a 
condition of community supervision).