Barbee v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-480-CR

TONY EDWARD BARBEE APPELLANT

A/K/A TONY E. BARBEE

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  INTRODUCTION

A jury found appellant Tony Edward Barbee a/k/a Tony E. Barbee guilty of burglary, enhanced by two prior burglary convictions, and assessed punishment at ten years’ confinement.
  The trial court’s judgment imposed this sentence and ordered Appellant to pay, as a condition of parole, $5,000 in reparations for appointed counsel fees.  Because the trial court improperly ordered Appellant to pay appointed counsel fees, we will delete the invalid portions of the judgment and affirm the judgment as modified.

II.  BACKGROUND

At trial, a security guard testified that around six a.m. on the morning of the burglary, he stepped outside his building in downtown Fort Worth for a cigarette break and watched a man wearing dark clothing and a ball cap for about five minutes as the man peered into the window of a store across the street.  The security guard saw the man break the window, remove an item from one of the store’s display shelves, and put it in a white sack that he was carrying.  The security guard called the police and described the burglar as a stocky man about five feet nine inches tall, wearing dark-colored pants and shirt, and a ball cap.  When the police arrived, the security guard told them the direction in which the burglar had left the scene.

Soon thereafter, the police brought a suspect to the scene, but the security guard told them that the suspect was not the man he saw burglarizing the store.  Next, the police brought Appellant to the scene, and the security guard identified him as the burglar; police officer Monte Tucker testified that the security guard made this identification without hesitation.  According to the security guard, about fifteen to twenty minutes passed between the burglary and the police’s bringing Appellant to the scene.  The security guard also made an in-court identification of Appellant as the man whom he saw breaking into the store.

Police officer Scott McClain testified that soon after the burglary, he saw a man matching the description given by the security guard walking through the Water Gardens on the south side of downtown.  Officer McClain attempted to pursue the man but lost sight of him.  He then heard that another officer had stopped a man walking away from the Water Gardens, but when he saw the man in the back of a police patrol car, the man was not wearing a baseball cap or carrying a white bag.  He noticed, however, that the man’s Afro hairstyle had a ring around it where a hat had been.  Officer McClain identified Appellant as the man he saw in the Water Gardens and in the back of the patrol car. Furthermore, Officer Don Christiansen testified that he found a dark-colored baseball cap and white bag containing a religious figurine in a trash can near the Water Gardens. 

Appellant was charged and convicted by a jury of the offense of burglary of a building.  After Appellant pleaded true to the indictment’s enhancement notice charging two prior burglary convictions, the jury assessed his punishment at ten years’ confinement.  The trial court’s judgment imposed this sentence and ordered Appellant to pay, as a condition of parole, $5,000 in reparations for appointed counsel fees.  Appellant now brings this appeal.

III.  INEFFECTIVE ASSISTANCE OF COUNSEL

A. Failure to Suppress Out-of-Court Identification

In his first point, Appellant argues that his trial counsel was ineffective in failing to file a motion to suppress or object at trial to the security guard’s identification of Appellant at the scene as the burglar.  To succeed on an ineffective assistance claim, the defendant must show that (1) counsel’s performance was deficient and (2) the deficient performance prejudiced his defense.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  To show deficient performance, the defendant must prove by a preponderance of the evidence that his counsel’s representation fell below the standard of professional norms.  
Id. 
at 688, 104 S. Ct. at 2064.  To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id. 
at 694, 104 S. Ct. at 2068.

Appellant claims that there can be no strategic explanation that would justify a decision to refrain from attacking the security guard’s on-scene identification of Appellant.  However, failure to file a motion to suppress or to object to the admission of evidence does not demonstrate a deficiency of counsel per se.  
See
 
Ortiz v. State
, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002), 
cert. denied
, 538 U.S. 998 (2003); 
Hammond v. State
, 942 S.W.2d 703, 710 (Tex. App.—Houston [14th Dist.] 1997, no pet.).  To show that counsel’s performance was deficient, Appellant was obliged to prove that the motion would have been granted or that the objection would have been sustained.  
See Ortiz
, 93 S.W.3d at 93 (stating that a claim of ineffective assistance based on failure to object to the admission of evidence must establish that the evidence was inadmissible);
 Jackson v. State
, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998)
 
(holding that, to prevail on a claim of ineffective assistance, appellant is “obliged to prove that a motion to suppress would have been granted”);
 Roberson v. State
, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993) (holding that without a showing that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel is not ineffective for failing to assert the motion). 

To prevail on a motion to suppress, Appellant would have had to produce evidence that defeated the presumption of proper police conduct.  
See Jackson
, 973 S.W.2d at 957.  Appellant claims that the identification was improper because it was “a one person show-up, not multi person line-up.”  However, the admission of evidence of a one-man showup, without more, does not violate due process.  
Neil v. Biggers
, 409 U.S. 188, 198, 93 S. Ct. 375, 382 (1972).  The standard for admissibility of testimony concerning an out-of-court identification is whether the identification procedure created a substantial likelihood of misidentification.  
Id.
 at 198, 93 S. Ct. at 381.  Even a suggestive identification procedure is admissible if the identification was reliable under a totality of the circumstances, considering (1) 
the opportunity of the witness to view the criminal at the time of the crime, (2) the witness’s degree of attention, (3) the accuracy of the witness’s prior description of the suspect, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation
.  
Id.
 at 199-200, 93 S. Ct. at 382.  Here, given the security guard’s observation and accurate, detailed description of the burglar, the certainty of his identification, and the short amount of time between the burglary and his identification of Appellant as the burglar, we cannot conclude that the identification procedure created a substantial likelihood of misidentification and was unreliable under the totality of the circumstances.  Because Appellant has not shown that the identification would have been inadmissible and thus would have been excluded either by a motion to suppress or an objection at trial, we overrule Appellant’s first point.  
 B. Failure to Secure an Expert Witness

In his second point, Appellant argues that his trial counsel was ineffective for failing to seek the appointment of an expert witness in the field of eyewitness identification because the issue of the reliability of eyewitness identification was “the primary issue at trial.”  However, the record before us is silent as to why Appellant’s trial counsel did not request the appointment of an expert witness.  Therefore, Appellant has failed to rebut the presumption that these actions were part of trial counsel’s sound trial strategy.  To find that trial counsel was ineffective based on the asserted grounds would call for speculation, which we will not do.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); 
Pieringer v. State
, 139 S.W.3d 713, 719-20 (Tex. App.—Fort Worth 2004, no pet.).

Furthermore, Appellant does not argue that an expert witness would have testified favorably for the defense or that the result of trial would have been different had trial counsel secured an expert witness.  Instead, he merely suggests that “
perhaps 
more could have been done for Appellant” beyond trial counsel’s closing argument to the jury that the identification procedure was tainted.  [Emphasis added.]  Accordingly, Appellant has failed to meet his burden under 
Strickland
 of proving that trial counsel’s representation was ineffective.  
See 
466 U.S. at 687, 104 S. Ct. at 2064.  We overrule Appellant’s second point.

C. Failure to Record Voir Dire

Appellant argues in his third point that his trial counsel rendered ineffective assistance by not requesting a record of the voir dire examination of the venire.  Appellant claims that a record was necessary because of the 
potential 
for error in questioning the venire about enhanced ranges of punishment and in striking venire members.  Appellant does not argue, however, that anything actually occurred during voir dire that even arguably would have constituted error. 

To prevail on an ineffective assistance claim, Appellant must show some 
specific injury resulting from the failure to request a transcription of the proceeding.  
See Rivera v. State
, 981 S.W.2d 336, 339 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  
In this appeal, the record contains nothing to show that 
Appellant was harmed by the failure to request a record or what the record would have shown that would have affected the outcome of his appeal.  Accordingly, we overrule Appellant’s third point.

D. Cumulative Error

Finally, Appellant claims in his fourth point that the cumulative effect of trial counsel’s errors rendered his representation of Appellant ineffective. Because we have concluded that Appellant has not shown any error by his trial counsel that meets the 
Strickland
 standard for ineffective assistance, we overrule Appellant’s fourth point as well.  
See
 
Chamberlain v. State
, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000)  (holding that non-errors cannot cumulatively cause error).  

IV.  REIMBURSEMENT OF COURT-APPOINTED COUNSEL FEES

In his fifth point, Appellant argues that the trial court erred when it ordered him to pay court-appointed counsel fees as a condition of parole.  The trial court’s judgment ordered Appellant to pay, as a condition of parole, reparations of $5,000 for appointed counsel fees.  The judgment also ordered Appellant to pay $5,000 in appointed counsel fees to the district clerk under article 26.05 of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann
. art. 26.05 (Vernon Supp. 2004-05).  The State concedes that the trial court was without statutory authority to order payment of attorney’s fees as a condition of parole.  
See
 
Tex. Gov’t Code Ann
. § 508.221 (Vernon 2004) (authorizing 
parole panel 
to impose as a condition of parole any condition that a court may impose on a defendant placed on community supervision).
(footnote: 2) 
 The trial court may determine the dollar amount of that reimbursement, state that amount in the judgment, and recommend that Appellant pay that amount to the county as a condition of parole, but it does not have the authority to require reimbursement as a condition of parole.  
See Slaughter v. State
, Nos. 2-04-050-CR, 2-04-051-CR, 
2005 WL 183142, at *1 
(Tex. App.—Fort Worth Jan. 27, 2005, no pet.) (not designated for publication); 
cf. Campbell v. State
, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (stating that the trial court may fix the amount of restitution that is just, and the parole panel may use this amount in ordering restitution as a condition of parole). 

Furthermore, the record does not contain the statutorily-required finding of the trial court judge that Appellant has any financial resources or is able to pay the $5,000 in appointed counsel fees.  
See 
Tex. Code Crim. Proc. Ann.
 art. 26.05(g).  The record does, however, contain Appellant’s request for appointed counsel both at trial and on appeal, a notice from the Tarrant County Office of Attorney Appointments notifying Appellant’s trial counsel of his appointment to represent Appellant, an “indigent defendant,” and the trial court’s order appointing Appellant counsel on appeal and granting Appellant a free reporter’s record.  Therefore, the record does not reflect that the trial court had any evidence before it that Appellant was reasonably able to repay his appointed counsel fees.  Rather, the record indicates the opposite—that Appellant was appointed counsel at trial and on appeal because he was indigent and unable to pay for legal representation on his own.  Therefore, we conclude that the trial court erred by ordering reimbursement of appointed counsel fees and sustain Appellant’s fifth point.

When the trial court imposes an invalid condition in its judgment, the proper remedy is to modify the judgment by deleting the invalid condition.  
See Belt v. State
, 127 S.W.3d 277, 281 (Tex. App.—Fort Worth 2004, no pet.).  Accordingly, we modify the judgment to delete the $5,000 reparations amount as well as the following paragraphs:

APPOINTED COUNSEL FEES IN THE AMOUNT OF $5,000.00 TO BE PAID AS A CONDITION OF PAROLE.

IT IS FURTHER ORDERED THAT APPOINTED COUNSEL FEES FOR PURPOSES OF TEX. CODE CRIM. PROC., ANN., ARTICLE 26.05 BE SET AT $5,000.00 AND MADE PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK’S OFFICE OF TARRANT COUNTY, TEXAS

V.  CONCLUSION

Having sustained Appellant’s point regarding repayment of appointed counsel’s fees and overruled Appellant’s remaining points, we affirm the trial court's judgment as modified. 

PER CURIAM 

PANEL F: MCCOY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 12, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 11(a)(11) (Vernon Supp. 2004-05) (authorizing trial court judge to require reimbursement for compensation paid to appointed counsel as a condition of community supervision).