TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00189-CR






David Johnston, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 93-560-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING






 This is an appeal from an order revoking probation and a sentence assessing ten
years' imprisonment. On September 15, 1993, appellant David Johnston entered a plea of guilty
to a felony information charging him with aggravated perjury. See Tex. Penal Code Ann. § 37.03
(West 1994). In the bench trial, the imposition of sentence was suspended. Appellant was placed
on probation for ten years subject to certain conditions.


Revocation Motion and Hearing


 On March 2, 1998, the State filed its first amended motion to revoke probation
alleging a number of probationary conditions had been violated. On March 19, 1998, the trial
court conducted a hearing on the motion. At the hearing, appellant entered a plea of "true" to
counts I, II, III, IV, VII, (1) and pleaded an "affirmative defense of inability to pay fees and fines"
with regard to counts V and VI. (2) The State called J. C. Holland, a highway patrol officer with
the Texas Department of Public Safety. Holland testified that on July 26, 1997, he arrested
appellant in Bell County for driving while intoxicated. Holland described the circumstances
surrounding the arrest and appellant's condition which convinced Holland that appellant was
intoxicated. The officer stated that a portable breath test given appellant indicated a reading of
".174." Appellant called his probation officer and his common-law wife as his witnesses. At the
conclusion of the hearing, the trial court expressly revoked probation only upon the counts to
which appellant had entered a plea of "true." Count I had alleged the commission of the offense
of public intoxication in Travis County on May 17, 1997, of driving while intoxicated in Bell
County on July 26, 1997, and driving while license suspended in Travis County on November 18,
1997. These allegations related to the probationary condition that appellant commit no offense
against the laws of this or any other state or of the United States. Count II had alleged the use of
alcoholic beverages on May 17 and July 26, 1997, in violation of the probationary condition to
avoid injurious or vicious habits including the use of alcoholic beverages. Count III had alleged
the failure to report to the probation officer on August 15, 1997 as required by condition four of
appellant's probation. Count IV had alleged the failure to inform the probation officer of
appellant's change of residence and employment and secure her permission. Count VII had
alleged the failure to attend and participate in a sex offenders' program as required by condition
twenty of the probationary conditions.


Points of Error


 Appellant advances four points of error. Appellant, in three points, contends that the trial
court abused its discretion in revoking probation because (1) the fundamentally unfair and
unconscionable probationary conditions in this perjury case were calculated to cause and did cause
appellant to violate his probation; (2) the revocation based on failure to attend sex offender
counseling was precluded by statute and was not reasonably related to the perjury conviction; and
(3) there was improper delegation of authority to the probation officer in the conditions requiring
no change of address or employment without the permission of the probation officer. In the fourth
point of error, appellant argues that the trial court abused its discretion in revoking probation by
relying upon a presentence investigative report from an earlier case for indecency with a child,
which appellant had "discharged" by successfully completing a three-year deferred adjudication
probation. We will affirm the order revoking probation.


Applicable Law


 The decision to revoke probation lies within the discretion of the trial court. See
Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976). The discretion, however, is not
absolute. There must be a showing that the defendant has violated a condition of probation. See
Forrest v. State, 805 S.W.2d 462, 464 n.2 (Tex. Crim. App. 1991). The burden of proof in a
revocation proceeding rests upon the State by a preponderance of the evidence. See Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of any one alleged violation of probation
is sufficient to support a revocation of probation. See Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); Benoit v.
State, 561 S.W.2d 810, 819 (Tex. Crim. App. 1977); Lee v. State, 952 S.W.2d 894, 900 (Tex.
App.--Dallas 1997, no pet.); Herrera v. State, 951 S.W.2d 197, 199 (Tex. App.--Corpus Christi
1997, no pet.).

 Moreover, a plea of "true" to the allegations in the revocation motion, standing
alone, will support a revocation of probation. See Moses v. State, 590 S.W.2d 469, 470 (Tex.
Crim. App. 1979); Benoit, 561 S.W.2d at 818-19; Pequeno v. State, 710 S.W.2d 709, 711 (Tex.
App.--Houston [1st Dist.] 1986, pet. ref'd); Rivera v. State, 688 S.W.2d 659, 660 (Tex.
App.--Corpus Christi 1985, no pet.). The sufficiency of the evidence to revoke probation cannot
be challenged in the face of a plea of "true." See Rincon v. State, 615 S.W.2d 746, 747 (Tex.
Crim. App. 1981); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). Even if one or
more grounds for revocation of probation were improper, a defendant's plea of "true" to any other
ground of revocation constitutes a sufficient basis for revocation. See Burns v. State, 835 S.W.2d
733, 735-36 (Tex. App.--Corpus Christi 1992, pet. ref'd).


The Instant Case


 Appellant's plea of "true" to count I was sufficient to show that during the period
of probation, he committed the penal offenses of public intoxication on May 17, 1997, driving
while intoxicated on July 26, 1997, and driving while license suspended on November 18, 1997. 
The plea of "true" to counts II and III was sufficient to show that he had used alcoholic beverages
on May 17 and July 26, 1997, and to show a failure to report to his probation officer on August
15, 1997, all in violation of probationary conditions. Each of these violations standing alone was
sufficient to support the revocation order. 

 The plea of "true" also covered counts IV and VII of the revocation motion, but
these counts are interwoven with appellant's argument that the trial court abused its discretion in
revoking probation. Even if it could be said that there was an improper delegation of authority
to the probation officer as to approving any change of address or employment, or that requiring
attendance at a sex offenders' program was improper in a perjury case, or that the condition
imposed relating to a "child safety zone" prevented him from living with his wife and children,
there was still an adequate legal basis for revocation. See Burns, 835 S.W.2d at 735-36.

 Moreover, there is no reason for the trial court to disregard a plea of "true" in a
revocation proceeding even if defensive issues are later presented. See Hays v. State, 933 S.W.2d
659, 660-61 (Tex. App.--San Antonio 1996, no pet.). In Hays, the defendant entered a plea of
"true" to a revocation motion alleging a single violation of probation--committing a penal offense
by driving while license suspended. The defendant later asserted an affirmative defense that he
was unaware of the suspension. He claimed that the State offered nothing to rebut the defense. 
The appellate court observed that the defendant did not enter his plea on the condition that the trial
court consider his defense and did not move to withdraw his plea after it was accepted by the trial
court. The trial court had the discretion to continue the defendant on probation, modify the
probationary conditions, or revoke the probation. The plea of "true" in Hays was held sufficient
to support the revocation for the trial court properly considered the defense in light of the plea. 
Id. at 661.

 We do not reach nor consider the merits of appellant's defensive issues. The plea
of "true" to counts I, II and III was sufficient to support the revocation. The trial court did not
abuse its discretion. Appellant's points of error one through three are overruled.

Presentence Investigative Report


 In his fourth point of error, appellant urges that in revoking probation the trial court erred
in relying upon a presentence investigative report prepared on July 2, 1993, in connection with
an indecency with a child indictment against appellant. It appears that appellant was convicted of
that offense and placed on a three-year deferred adjudication probation, which he successfully
served. Appellant was convicted for aggravated perjury arising out of the indecency with a child
case and placed on probation in the instant case. The record reflects that the presentence report
was used in connection with the indecency with a child case and used again when appellant was
placed on probation in the instant perjury case on September 15, 1993.

 At the conclusion of the revocation hearing on March 19, 1998, the trial court
stated that it "would like to see the PSI." The prosecutor furnished the court with the State's
copy. Thereafter, the trial court invited the attorneys into its chambers. It does not appear that
a court reporter was present in chambers. Upon a return to the courtroom, both sides closed. The
trial court then revoked probation and assessed appellant's punishment at ten years' imprisonment. 
At this point, appellant's counsel requested that the presentence investigative report, which the
trial court reviewed, be included in the record as a bill of exception. The motion was granted, and
the report was sealed at appellant's request. The sealed report was forwarded with the court
reporter's record. The court reporter noted that the PSI was not marked for identification,
admitted into evidence, or presented during the revocation hearing as an exhibit.

 To preserve error for appellate review, a defendant must make a timely, specific
objection and obtain a ruling from the trial court. Tex. R. App. P. 33.1(a). Appellant never 

objected to the trial court's consideration of the presentence report, if that was what the court did. 
Nothing is presented for review. Moreover, we have examined the sealed 1993 presentence report
and naturally have found nothing therein to support the alleged 1997 violations of probationary 
conditions. In fact, appellant asserts that the presentence report contains no evidence directly
related to the perjury charge. The record reflects that the same trial judge presided over the
indecency with a child and perjury trials as well as the revocation hearing. In revoking probation,
the trial court expressly stated that it was basing revocation upon the counts I, II, III, IV and VII
in the revocation motion to which appellant had entered a plea of "true." We overrule point of
error four.

 The order revoking probation is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion*

Affirmed

Filed: April 15, 1999

Do Not Publish





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The plea was not conditioned and was not withdrawn after the trial court accepted the plea.
2. The revocation was not based on counts V and VI relating to the failure to pay a fine and
certain fees. The State offered no evidence to support revocation on this basis.



s defensive issues. The plea
of "true" to counts I, II and III was sufficient to support the revocation. The trial court did not
abuse its discretion. Appellant's points of error one through three are overruled.

Presentence Investigative Report


 In his fourth point of error, appellant urges that in revoking probation the trial court erred
in relying upon a presentence investigative report prepared on July 2, 1993, in connection with
an indecency with a child indictment against appellant. It appears that appellant was convicted of
that offense and placed on a three-year deferred adjudication probation, which he successfully
served. Appellant was convicted for aggravated perjury arising out of the indecency with a child
case and placed on probation in the instant case. The record reflects that the presentence report
was used in connection with the indecency with a child case and used again when appellant was
placed on probation in the instant perjury case on September 15, 1993.

 At the conclusion of the revocation hearing on March 19, 1998, the trial court
stated that it "would like to see the PSI." The prosecutor furnished the court with the State's
copy. Thereafter, the trial court invited the attorneys into its chambers. It does not appear that
a court reporter was present in chambers. Upon a return to the courtroom, both sides closed. The
trial court then revoked probation and assessed appellant's punishment at ten years' imprisonment. 
At this point, appellant's counsel requested that the presentence investigative report, which the
trial court reviewed, be included in the record as a bill of exception. The motion was granted, and
the report was sealed at appellant's request. The sealed report was forwarded with the court
reporter's record. The court reporter noted that the PSI was not marked for identification,
admitted into evidence, or presented during the revocation hearing as an exhibit.

 To preserve error for appellate review, a defendant must make a timely, specific
objection and obtain a ruling from the trial court. Tex. R. App. P. 33.1(a). Appellant never 

objected to the trial court's consideration of the presentence report, if that was what the court did. 
Nothing is presented for review. Moreover, we have examined the sealed 1993 presentence report
and naturally have found nothing therein to support the alleged 1997 violations of probationary 
conditions. In fact, appellant asserts that the presentence report contains no evidence directly
related to the perjury charge. The record reflects that the same trial judge presided over the
indecency with a child and perjury trials as well as the revocation hearing. In revoking probation,
the trial court expressly stated that it was basing revocation upon the counts I, II, III, IV and VII
in the revocation motion to which appellant had entered a plea of "true." We overrule point of
error four.

 The order revoking probation is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion*

Affirmed

Filed: April 15, 1999

Do Not Publish





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).