Affirmed and Memorandum Opinion filed July 21, 2005









Affirmed and Memorandum Opinion filed July 21, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00401-CR

____________

 

JACK HERNDON
MCDONALD,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 970,133

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Jack Herndon McDonald, pled
guilty to the offense of indecency with a child.  Tex.
Pen. Code Ann. ' 21.11(a)(1) (Vernon 2003).  After accepting appellant=s guilty plea and
admonishing him that the full range of punishment would be considered, the
trial court, in conjunction with appellant=s request for
community supervision, ordered a pre-sentence investigation (PSI) report and
reset the case for a sentencing hearing. 
The trial court sentenced appellant to twenty years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In four points of error, appellant argues the
trial court erred in reviewing his PSI report prior to formally entering a
finding of guilt and in assessing punishment at twenty years= confinement in
violation of his federal and state constitutional rights against cruel and
unusual punishment.  We affirm.  

Discussion

I.        The PSI Report

In points of error one and two, appellant
claims his federal and state constitutional due process of law and due course
of law rights were violated when the trial judge reviewed his PSI report prior
to formally finding him guilty.  U.S. Const. amend. V, XIV; Tex. Const. art. I, ' 19.  Appellant does not argue on appeal that he is
entitled to greater protection under the Texas Constitution than the federal
constitution or that the Texas Constitution offers different levels of
protection than the federal constitution; thus, we address these two points of
error jointly.  See Muniz v. State,
851 S.W.2d 238, 251B52 (Tex. Crim. App. 1993); see also
Jimenez v. State, 32 S.W.3d 233, 242 (Tex. Crim. App. 2000) (AThe term >due process of law= in the Fifth and
Fourteenth Amendments to the federal constitution and the term >due course of law= in our state
constitution mean the same thing.@). 

On January 30, 2004, a preliminary plea
hearing was held during which appellant entered a guilty plea to the offense of
indecency with a child.  The trial judge
advised appellant of the range of punishment for the offense, and appellant
filed a motion with the court requesting community supervision.  The trial judge told appellant a PSI report
would be compiled and presented to her prior to the sentencing proceedings and
both sides would have an opportunity to review the PSI report and provide
additional documentation and witnesses if desired prior to her decision on
punishment.  At the conclusion of
appellant=s preliminary plea hearing, the trial
judge found sufficient evidence to substantiate appellant=s guilt but
deferred entering a formal finding of guilt until the sentencing hearing.  








On April 8, 2003, appellant=s sentencing
hearing was held.  Having reviewed the
PSI report, the trial judge asked both sides if there were any objections to
the PSI report before proceeding with sentencing.  Appellant and the State both responded they
had no objections to the PSI report.

A.      Waiver

Appellant never objected to the trial
court=s consideration of
the PSI report before entering a formal finding of guilt.  Texas Rule of Appellate Procedure 33.1
provides that, in general, as a prerequisite to presenting a complaint for
appellate review, the record must show a timely, specific objection and a
ruling by the trial court. Tex. R. App.
P. 33.1(a).  It is well-settled
that almost every right, constitutional and statutory, may be waived by failing
to object.  Smith v. State, 721
S.W.2d  844, 855 (Tex. Crim. App.
1986).  Thus, appellant has failed to
preserve his first two points of error for appellate review. 








Appellant contends he preserved error
based on alleged implicit findings in State ex rel. Turner v. McDonald,
676 S.W.2d 375 (Tex. Crim. App.1984) (en banc), and  State ex. rel. Bryan v. McDonald, 662
S.W.2d 5 (Tex. Crim. App.1983) (en banc). 
In the McDonald cases, the Texas Court of Criminal Appeals held a
trial court=s examination of a PSI report prior to a
determination of guilt or innocence violated the United States and Texas
Constitutions.  Turner, 676 S.W.2d
at 379; Bryan, 662 S.W.2d at 9. 
In both cases, the same trial judge refused to refrain from viewing a
PSI report prior to determining a defendant=s guilt or
innocence and issuing a proposed assessment of punishment.  The district attorneys in both cases
successfully sought writs of mandamus based on the trial judge=s conduct in
refusing to refrain from viewing PSI reports prior to determining guilt or
innocence and issuing a proposed assessment of punishment.  Turner, 676 S.W.2d at 375B76; Bryan
662 S.W.2d at 6.  However, unlike the McDonald
cases, here the trial judge requested and considered the PSI report after
appellant pled guilty and after appellant sought community supervision.[1]  The McDonald cases do not address the
issue of preserving error for appeal in a non-plea bargain situation where a
trial court reviews a PSI report after the appellant has pled guilty,[2]
and appellant provides no additional authority to support this contention.  See id.

B.      Review of PSI Report 

Even if appellant had properly preserved
points of error one and two for appellate review, we still conclude appellant=s contention is
without merit.  Section nine of article
42.12 of the Texas Code of Criminal Procedure specifically provides that a
trial court may review a PSI report when the defendant has pled guilty:

(c)     The judge may not inspect a report and the
contents of the report may not be disclosed to any person unless:

(1)     the defendant pleads guilty or nolo
contendere or is convicted of the offense; or

(2)     the
defendant, in writing, authorizes the judge to inspect the report.

Tex. Code Crim. Proc. Ann. art. 42.12, _ 9(c) (emphasis added).  In regard to this specific issue, this Court
has held:

[B]ecause the record indicates that
a finding of guilty was deferred until the [PSI] report was complete so that
the trial court could consider deferred adjudication as an option, the trial
court=s viewing of the report before a
final pronouncement of guilt and sentencing did not violate appellant=s constitutional rights.

 








Blalock v. State, 728 S.W.2d 135, 138B39 (Tex. App.CHouston [14th
Dist.] 1987, pet. ref=d); see Baldridge v. State, 77
S.W.3d 890, 892 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d) (holding appellant=s constitutional
rights were not violated and his conviction was not void where a trial court
reviewed a PSI report subsequent to appellant pleading guilty, signing a
judicial confession, and stipulating to evidence of his guilt); Wissinger v.
State, 702 S.W.2d 261, 263 (Tex. App.CHouston [1st
Dist.] 1985, pet. ref=d) (holding where there is Ano evidence that
the judge considered the [PSI] report or ordered it until the defendant had
pleaded no contest, signed a judicial confession, and stipulated to the
evidence of her guilt[,] the report could not have influenced the judge except
in deciding the appropriate punishment@). 

Appellant relies on the McDonald
cases as authority for his argument that the trial court=s review of the
PSI report prior to a formal finding of guilt rendered appellant=s conviction
void.  However, besides these cases being
distinguishable from the case at bar, as stated above, appellant=s reliance on
these cases is improper for two additional reasons.  First, the court in State ex rel. Bryan v.
McDonald stated the version of article 42.12 applicable to that case did
not specifically allow a PSI report to be inspected prior to entering a formal
finding on guilt, but it acknowledged article 42.12 subsequently was amended in
1983 to include an exception to allow for inspection of a report after a
defendant pleads guilty.  662 S.W.2d at
7& n.1.  Second, State ex rel.
Turner v. McDonald has been superseded by statute.  Whitelaw v. State, 29 S.W.3d 129,
134.  Thus, the McDonald cases do
not support appellant=s contention of due process violations in
the present case.  








Furthermore, unlike the McDonald
cases, here, prior to the court=s review of the
PSI report, appellant pled guilty, and there was no plea bargain.  The PSI report was not ordered until
appellant requested community supervision, and appellant concedes the procedure
followed by the trial court was beneficial to him and was a means for him to
possibly avoid going to prison after entering a plea of guilty.  Moreover, the record shows the trial judge
reviewed the PSI report after appellant pled guilty in conformance with
the statute.  Tex. Code Crim. Proc. Ann. art. 42.12, _ 9(c).  Thus, the judge=s inspection of
the PSI report could not have influenced the trial court=s finding of
guilt.  Wissinger, 702 S.W.2d at
263.  Accordingly, the trial court=s review of the
PSI report did not violate appellant=s constitutional
rights to due process.

We overrule appellant=s first and second
points of error.

II.       Constitutionality
of Twenty-Year Sentence

In his third and fourth points of error,
appellant argues the trial court committed reversible error in assessing punishment
at confinement for twenty years.  He
claims this punishment was in violation of his federal and state constitutional
rights against cruel and unusual punishment. 
See U.S. Const.
amend VIII, XIV; Tex. Const. art.
I, ' 13.  Appellant does not argue he is entitled to
greater protection under the Texas Constitution or that the Texas Constitution
offers different levels of protection than the federal constitution; thus, we
address these two points of error jointly. 
See Muniz, 851 S.W.2d at 251B52.  Further, there is no significant difference
between the Eighth Amendment prohibition against cruel and unusual
punishment and the Texas Constitution prohibition against cruel or unusual
punishment.  Cantu v. State, 939
S.W.2d 627, 645 (Tex. Crim. App. 1997).  

A.      Waiver









Generally, Aan appellant may
not assert error pertaining to his sentence or punishment where he failed to object
or otherwise raise such error in the trial court.@  Mercado v. State, 718 S.W.2d 291, 296
(Tex. Crim. App. 1986) (en banc); see Tex.
R. App. P. 33.1(a); Stewart v. LaGrand, 526 U.S. 115, 119 (1999)
(holding Eighth Amendment protections can be waived in the capital context when
not properly preserved through timely objection); Solis v. State, 945
S.W.2d 300, 301 (Tex. App.CHouston [1st Dist.]
1997, pet. ref=d) (holding appellant=s failure to raise
a specific objection in the trial court as to the severity of the punishment
assessed waived constitutional claims of cruel and unusual punishment).  Here, appellant did not raise an objection to
the severity of his twenty-year sentence at the time of sentencing, and he did
not specifically object to the severity of his sentence in his post-trial
motions.  By not raising an objection in
the trial court as to the severity of his punishment, appellant has waived
appellate review of his claim of cruel and unusual punishment.

B.      Cruel
and Unusual Punishment

Moreover, even if appellant had preserved
error, we conclude appellant=s punishment does
not constitute cruel and unusual punishment. 
A[U]nder the United
States Constitution, a state criminal sentence must be proportionate to the
crime for which the defendant has been convicted.@  Baldridge v. State, 77 S.W.3d 890, 893
(Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  Punishment is Agrossly
disproportionate to a crime@ when an objective
comparison of the gravity of the offense against the severity of the sentence
reveals the sentence to be extreme.  Harmelin
v. Michigan, 501 U.S. 957, 1004B06 (1991).  In reviewing the proportionality of a
sentence, a court must first consider the gravity of the offense and the
harshness of the penalty; if the court finds the sentence is grossly
disproportionate to the appellant=s crime, then it
may consider sentences imposed upon other criminals in the same jurisdiction
and the sentences for the same crime in other jurisdictions.  Id.; Solem v. Helm, 463 U.S.
277, 290B92 (1983).[3]  Where the punishment assessed is within the
statutory range, it generally is not considered disproportionate or violative
of federal or state constitutions.  Samuel
v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Pequeno v. State,
710 S.W.2d 709, 711 (Tex. App.CHouston [1st
Dist.] 1986, pet. ref=d). 

 








Appellant pled guilty to indecency with a
child, a second degree felony.  Tex. Pen. Code Ann. ' 21.11(a)(1).  The range of punishment for this offense is
imprisonment for a term of no more than twenty years or less than two years
with possible fines not to exceed $10,000.00. 
Tex. Pen. Code Ann. ' 12.33(a) (Vernon
2003).  Appellant=s sentence of
twenty years= confinement is within the range of
punishment.  Further, the record and PSI
report indicate appellant has abused and victimized two generations of women in
his family, with little display of remorse prior to these proceedings.  Additionally, appellant does not provide any facts
to support his claim of a disproportionate sentence.  Thus, we hold the sentence imposed is not
grossly disproportionate to the offense, and, therefore, not unconstitutionally
cruel and unusual.

          Accordingly, we overrule appellant=s third and fourth
points of error.   

Conclusion

We affirm the judgment of the trial
court.    

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Memorandum Opinion filed July 21, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  A[W]hen in the judge=s
opinion the best interest of society and the defendant will be served, the
judge may, after receiving a plea of guilty or plea of nolo contendere, hearing
the evidence, and finding that it substantiates the defendant=s guilt, defer further proceedings without entering an
adjudication of guilt, and place the defendant on community supervision.@  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(a) (Vernon Supp. 2005).





[2]  Because the
Texas Court of Criminal Appeals addressed the trial court=s Arefusal to refrain@ from
viewing the PSI report prior to finding appellant guilty, we infer a timely
objection was asserted to the trial court=s
premature consideration of the PSI report, facts not present in the case at
bar.





[3]  In Solem v.
Helm, the United States Supreme Court held a court=s proportionality analysis under the Eighth Amendment
should be guided by objective criteria, including (i) the gravity of the
offense and the harshness of the penalty; (ii) the sentences imposed on other
criminals in the same jurisdiction; and (iii) the sentences imposed for
commission of the same crime in other jurisdictions.  463 U.S. at 290B92.  It is questionable whether the Solem
test is still viable in light of Harmelin v. Michigan, 501 U.S. 957
(1991).  See McGruder v. Puckett,
954 F.2d 313, 315B16 (5th Cir. 1992) (noting in Harmelin that
five members of the Supreme Court rejected application of the Solem
three-factor test, although seven of the justices supported an Eighth Amendment
prohibition against grossly disproportionate sentences); see  Lackey v. State, 881 S.W.2d 418, 421
(Tex. App.CDallas 1994, pet. ref=d)
(acknowledging the Supreme Court=s
re-examination in Harmelin of its three-part analysis set forth in Solem).